**UNITED STATES of America, Appellee,**

v.

**K. Douglas JOLLY, Defendant–Appellant.**

**No. 475, Docket 97–1074.**

United States Court of Appeals,
Second Circuit.

Submitted Oct. 23, 1997.

Decided Nov. 21, 1997.

Darrell B. Fields, The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York City, for Defendant–Appellant.

Thomas Spina, Jr., Asst. U.S. Atty. for the Northern District of New York, Albany, New York (Thomas J. Maroney, United States Attorney, of counsel), for Appellee.

Before: WINTER, Chief Judge, CARDAMONE, Circuit Judge, and POLLACK, District Judge.*

WINTER, Chief Judge,

K. Douglas Jolly appeals from his resentencing by Chief Judge McAvoy. *See United States v. Jolly*, 102 F.3d 46 (2d Cir.1996) (remanding for resentencing). The written judgment entered after resentencing requires Jolly to make restitution in monthly amounts higher than those ordered at the oral pronouncement of his resentence. Jolly contends that, when there is a variance in a sentence between the oral pronouncement and the written judgment, the terms of the oral pronouncement generally govern and that he is therefore entitled to have his written judgment amended to reflect the lower monthly payments specified in the oral pronouncement.

We disagree. Although Jolly is correct that the oral sentence generally controls when a variance exists between the oral pronouncement and the written judgment, the facts here compel us to create an exception to the general rule.

On February 12, 1996, Jolly pleaded guilty to a one-count information charging him with mail fraud in violation of 18 U.S.C. § 1341. At his original sentencing proceeding, the district court, after adding a two-level enhancement for Jolly's abuse of a position of trust and departing downward two levels based on Jolly's substantial assistance, deter-

---

* The Honorable Milton Pollack, of the United States District Court for the Southern District of New York, sitting by designation.

mined Jolly to have a base offense level of 13. The court then imposed a sentence of 13 months' imprisonment and ordered Jolly to make restitution of $810,000, payable "at a minimum of $200 a month or 20 percent of your gross income, whichever's greater." The written judgment of sentence entered by the district court shortly thereafter contained the same terms. At no time did Jolly object to the schedule of the monthly restitution payments.

Jolly appealed but challenged only the two-level enhancement he received under Section 3B1.3 for the abuse of a position of trust. We held that the imposition of a two-level enhancement was error and remanded the case for resentencing. *See id.* The district court resentenced Jolly on January 13, 1997.

At the resentencing hearing, the district court subtracted the two-level enhancement, resulting in a revised base offense level of 11. The court then ordered a prison sentence of one year and one day and also reimposed restitution in the amount of $810,000. Despite the fact that the restitution payment schedule was neither contested by Jolly nor discussed at any point during the resentencing hearing, the court altered the original terms of the schedule, stating that payments should be made by Jolly "at a minimum amount of $100 a month or 10 percent of your gross income, whichever is greater." The amended written judgment issued by the court on January 15, 1997, however, in turn differed from the oral pronouncement. It reimposed the original payment schedule, specifying that Jolly was to make restitution in "a minimum amount of $200.00 monthly or twenty percent (20%) of defendant's gross income, whichever is greater." This appeal followed.

Jolly contends that because the district court's written judgment of sentence differed from its oral pronouncement at the resentencing, we must remand the case to the district court with instructions to amend the written judgment to conform to the oral pronouncement. The government asks us to remand but also to allow Chief Judge McAvoy to determine which is the correct sentence. We agree with the government.

It is true that "if there is a variance between the oral pronouncement of sentence and the written judgment of conviction, the oral sentence generally controls." *United States v. DeMartino*, 112 F.3d 75, 78–79 (2d Cir.1997). In this case, the payment schedule imposed in the written judgment plainly conflicts with the unambiguous payment schedule described by the court in its oral pronouncement. Therefore, if we were to apply the general rule, we would remand the case with instructions to conform the written judgment to the oral pronouncement.

However, we believe that this general rule does not apply in a resentencing proceeding where the record suggests a substantial possibility that the district court misspoke in an oral pronouncement regarding a portion of the sentence that was neither discussed nor disputed by the parties, at the resentencing. Such a possibility exists in the present case.

At original sentencing hearings, the entirety of the appropriate punishment to be imposed is before the court. In such circumstances, the court is focused on every issue, has counsel and the defendant before the bench, and may be presumed to issue the correct sentence at that time. Indeed, the proceeding in court is *the* sentencing, and the written judgment is only a ministerial act that is supposed to reflect that sentencing. *See United States v. Marquez*, 506 F.2d 620, 622 (2d Cir.1974). Moreover, a defendant has some right to expect that the orally pronounced sentence brings some finality to a period of uncertainty and anguish. Giving a defendant the benefit of the oral sentence, therefore, reflects the fact that a defendant is entitled to have every relevant issue considered and decided at the sentencing hearing in his or her presence.

A resentencing hearing is different in the critical respect that a defendant may be entitled to have only certain portions of the sentence reconsidered at that hearing. Where there is no entitlement to have an issue considered—even if the resentencing court might have authority to reconsider the issue *sua sponte*—there is no expectation of, much less right to, an alteration of the original term involving that issue. Where a term

of a sentence previously imposed is not put in issue by an appellate ruling or by challenge of a party, an oral variance at resentencing in such a term is more than a conflict between an oral and written judgment; it is also a variance between an oral sentence imposed where a term is not in issue and an oral sentence imposed where it was in issue. In these circumstances and where the possibility of a misstatement looms, the reasons for giving the defendant a right to the benefit of any variance are unpersuasive.

In the present matter, the resentencing hearing had nothing to do with the restitution payment schedule. Neither the government nor appellant ever raised the issue of the monthly payment schedule at any time during the original sentencing hearing, the appeal, or the resentencing. The hearing was necessary solely because we had remanded the case based on the improper two-level enhancement for abuse of a position of trust. *See Jolly,* 102 F.3d at 48–50. That enhancement affected the length of Jolly's prison term but had no connection to the payment schedule of restitution. Thus, while the resentencing hearing was necessary in order to recalculate Jolly's term of imprisonment, the court had no need or cause to reconsider the amount of the required monthly restitution payments. Nor is there even the slightest hint, apart from the oral statement imposing new payment terms, that the court gave any consideration to reconsidering the original payment schedule.

In addition, this is not a case where the written judgment is the sole indication that the district court intended a sentence different from the one announced orally. *See, e.g., Marquez,* 506 F.2d at 621. Here, the original oral sentence, the original written sentence, and the revised written sentence all contain the payment schedule calling for the higher monthly amount. The sole mention of the lower amount occurred only when orally pronounced by the district court as part of Jolly's sentence.

In sum, Jolly had no right to, or expectation of, the restitution schedule being reconsidered, much less altered. The factual circumstances strongly suggest that the district court may have simply misspoken in impos-

ing the lower monthly amount. We therefore vacate Jolly's sentence and remand. The government agrees that the district court is free either to correct the oral misstatement, if it was a misstatement, and impose the original restitution requirements or to direct that the written judgment reflect the new schedule as stated orally.