**UNITED STATES of America, Appellee,**

v.

**K. Douglas JOLLY, Defendant–Appellant.**

**No. 97–1074.**

United States Court of Appeals, Second Circuit.

Filed Dec. 5, 1997.

Decided April 24, 1998.

Darrell B. Fields, Legal Aid Society, Federal Defender Div., Appeals Bureau, New York City, for Defendant–Appellant.

Thomas Spina, Jr., Asst. U.S. Atty. for the Northern District of New York, Albany, NY (Thomas J. Maroney, U.S. Atty., of counsel), for Appellee.

Before: WINTER, Chief Judge, CARDAMONE, Circuit Judge, and POLLACK, District Judge.*

WINTER, Chief Judge:

K. Douglas Jolly petitions for rehearing of our decision in this matter, familiarity with which is assumed. *United States v. Jolly*, 129 F.3d 287 (2d Cir.1997). Jolly argues in his petition that because the government, prior to our decision, withdrew its opposition to the relief he sought, we should grant rehearing, vacate our earlier opinion, and remand the case with instructions to amend the written judgment of sentence to conform to the oral pronouncement. We agree.

By stipulation dated October 22, 1997 and filed with the Clerk's Office on October 24,

---

* The Honorable Milton Pollack, of the United States District Court for the Southern District of   New York, sitting by designation.

1997, the government "withdr[ew] its opposition to the relief sought by Appellant and . . . ha[d] no objection to this Court issuing an order directing the district court to conform the written judgment to the oral sentence." Unfortunately, the Clerk's Office never entered this stipulation into its computer system. As a result, no judge on the panel ever received a copy.

However, shortly before the scheduled date for oral argument, October 23, 1997, the panel did receive a letter dated October 21 from the government stating that it was withdrawing its opposition to the appeal. Multiple misunderstandings followed the receipt of this letter. First, the case was removed from the calendar. Thereafter, a phone call from the Clerk's Office to the chambers of the author of this opinion, shortly before or after the date for oral argument, either mistakenly reported, or was misunderstood to report, that the government's October 21 letter was sent in error and that the government merely wanted to waive oral argument while continuing to contest the appeal. Of course, the Clerk's Office's failure to enter the October 22 stipulation into its computer systems allowed this misunderstanding to occur and to persist. On October 31, 1997, the parties filed another stipulation, stating that the "matter should have been deemed 'on submission' by the Second Circuit Court of Appeals." Unaware of the October 22 stipulation, we mistakenly interpreted the October 31 stipulation, filed well after the date for oral argument, as reflecting the supposed clarification of the government's October 21 letter and the agreement of the parties that the case should be heard on the briefs originally filed, albeit without oral argument. Having now learned of the October 22 stipulation, we understand that the October 31 stipulation was designed only to ensure that the appeal remained on the calendar so that a judgment granting Jolly relief as agreed by the parties could be entered.

We therefore grant the petition for rehearing, vacate our earlier opinion, and order the district court to amend the written judgment of Jolly's sentence to reflect the lower monthly restitution amount specified in the oral pronouncement.