UNITED STATES of America, Appellee,

v.

Vassilios K. HANDAKAS, Defendant–Appellant.

Docket No. 02–1339.

United States Court of Appeals, Second Circuit.

May 8, 2003.

vides no basis for holding Triarc liable.

818

James B. Lebow, Bournazos & Mataran-gas, New York, N.Y., for Appellant.

Vassilios K. Handakas, Sands Point, N.Y., pro se.

Debra D. Newman, Asst. U.S. Atty., Brooklyn, N.Y., for Appellee.

PRESENT: NEWMAN, POOLER, and KATZMANN, Circuit Judges.

**SUMMARY ORDER**

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES**
OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 8th day of May, two thousand three.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED, except that the sentence is remanded, in a written opinion filed this date, for reconsideration of the employment restriction imposed as a condition of supervised release.

Vassilios K. Handakas appeals from the May 20, 2002, judgment of the United States District Court for the Eastern District of New York (Jack B. Weinstein, *District Judge*) resentencing him after a remand from our Court. Handakas was originally convicted, following a jury trial, of one count of conspiracy to commit mail fraud, two counts of illegally structuring financial transactions in order to evade reporting requirements, one count of money laundering conspiracy, one count of failure to file a currency report, one count of making a materially false representation, and one count of conspiracy to defraud the United States. On direct appeal, this Court reversed the mail fraud conspiracy count, the money laundering conspiracy count, and one of the two structuring counts, leaving it to the District Court on remand to elect which structuring count should remain. *United States v. Handakas*, 286 F.3d 92, 100, 113 (2d Cir.2002) (*"Handakas I"*). The Court affirmed the convictions on all other counts. The District Court resentenced Handakas to 50 months' imprisonment, three years' supervised release, a $100,000 fine, and restitution in the amount of $396,501. The De-

fendant was also ordered to forfeit $1,416,077.17.

■ The Defendant's challenge to the condition of supervised release that prohibits him from working on government construction contracts has been considered in an opinion filed this date. *United States v. Handakas*, 329 F.3d 115 (2d Cir. 2003). This summary order considers several claims raised by Handakas in a *pro se* brief. Several of these arguments challenge the term of imprisonment imposed by the District Court. Because the Defendant completed service of that term on January 31, 2003, his contentions that the Court incorrectly applied the Sentencing Guidelines to the structuring offenses, that the Court erroneously applied a role-in-the-offense enhancement and an obstruction of justice enhancement, and that the sentencing enhancements violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), are all moot.

■ Handakas contends that he received ineffective assistance of counsel at his resentencing. The transcript of the sentencing hearing contradicts most of Handakas's specific claims about his lawyer's actions. Handakas also faults his lawyer for alerting the District Court to a particular provision in the Sentencing Guidelines that was applicable to his case. However, since counsel has an ethical obligation to alert the Court to relevant law, this cannot constitute ineffective assistance of counsel. Nor did counsel provide ineffective assistance by failing to assert certain claims on this appeal; Handakas raised these claims in his *pro se* brief, and we have considered them fully and conclude that they lack merit.

Handakas also contends that the amount he was ordered to forfeit and the fine he was ordered to pay violate the Excessive Fines Clause of the Constitution. *See* U.S. Const. amend. VIII. He relies on *United States v. Bajakajian*, 524 U.S. 321, 337, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998), which held that "[i]f the amount of the forfeiture is grossly disproportional to the gravity of the defendant's offense, it is unconstitutional." However, the District Court reconsidered both the forfeiture order and the fine in light of the new situation on remand. Judge Weinstein decreased both the forfeiture and the fine significantly, and the reduced amounts are proportional under *Bajakajian*.

■ Handakas also claims that he has suffered impermissible multiple punishment because all the charges against him are based on the same financial transactions. However, the fact that the same transactions were the occasion for criminal conduct violating distinct statutes is not a ground for relief. Indeed, the Guidelines explicitly envision this occurrence by allowing for grouping of counts that derive from the same transaction. Such grouping occurred in this case. *See* United States Sentencing Manual § 3D1.2(b) (1997).

As for his remaining contentions, Handakas made the claims involving the *Klein* conspiracy, *see United States v. Klein*, 247 F.2d 908 (2d Cir.1957), and the order of restitution to the IRS on his previous appeal. We noted that "Handakas's *pro se* brief raises a number of additional arguments-all of which are meritless." *Handakas I*, 286 F.3d at 95 n. 1. We may not consider these claims, since the law of the case doctrine requires "a court of appeals [to] adher[e] to its own decision at an earlier stage of the litigation." *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir.2001) (internal quotation marks omitted).

For the reasons stated above and in our written opinion filed this date, we affirm all aspects of conviction and sentence, except the employment condition of super-

vised release, which is the subject of the written opinion.