**UNITED STATES of America, Appellee,**

v.

**Vassilios K. HANDAKAS, Defendant–Appellant.**

**Docket No. 02–1339.**

United States Court of Appeals, Second Circuit.

Argued: March 31, 2003.

Decided: May 8, 2003.

James B. Lebow, Bournazos & Mataran-gas, New York, N.Y., for Defendant–Appellant.

Vassilios Handakas, Sands Point, N.Y., submitted a pro se brief.

Debra D. Newman, Asst. U.S. Atty., Brooklyn, N.Y. (Roslynn R. Mauskopf, U.S. Atty., Susan Corkery, Asst. U.S. Atty., Brooklyn, N.Y., on the brief), for Appellee.

Before: NEWMAN, POOLER, and KATZMANN, Circuit Judges.

JON O. NEWMAN, Circuit Judge.

This sentencing appeal concerns primarily the issue of whether a condition of supervised release, omitted from the oral pronouncement of sentence, may be included in the written judgment of conviction and sentence. The condition restricts the Defendant's employment. Vassilios K. Handakas appeals from the May 20, 2002, judgment of the United States District Court for the Eastern District of New York (Jack B. Weinstein, *District Judge*) resentencing him after a remand from our Court. We conclude that the omission of the condition from the oral sentence was error, that the error was probably harmless, but that it would be prudent to remand the sentence to afford the District Court an opportunity to reconsider imposition of the employment condition after hearing the objection of the Defendant. The Appellant's remaining contentions have been rejected in a summary order filed this date. We therefore remand for reconsideration of the employment condition and affirm the conviction and all other aspects of the sentence.

## Background

Handakas was originally convicted, following a jury trial, of one count of conspiracy to commit mail fraud, one count of conspiracy to launder the proceeds of a mail fraud, two counts of illegally structuring financial transactions in order to evade reporting requirements, one count of failure to file a currency report, one count of making a materially false representation, and one count of conspiracy to defraud the United States. The mail fraud conspiracy concerned work done for the New York City School Construction Authority ("SCA") by a construction company owned by Handakas. That company had violated New York's requirement of a "prevailing rate of wage" and other construction contract requirements. *See United States v. Handakas*, 286 F.3d 92, 95 (2d Cir.2002) ("*Handakas I*"). Handakas's sentence included a term of imprisonment, a fine, an order of restitution, an order of forfeiture, and three years of supervised release. Pertinent to the current appeal, the original sentence included, as a condition of supervised release, a prohibition against working on government contracts. *See* United States Sentencing Guidelines Man-

ual ("U.S.S.G.") § 5D1.3(e)(4) (1997) (authorizing "Occupational Restrictions"). At the initial sentencing, Handakas did not object to this condition.

On appeal, this Court reversed the convictions on the mail fraud conspiracy count, the money laundering conspiracy count, and one of the two structuring counts (the surviving count to be determined by the District Court), and affirmed the convictions on the remaining counts. *Handakas I*, 286 F.3d at 100, 113. On remand, the District Court resentenced Handakas to a term of imprisonment, a fine, an order of restitution, an order of forfeiture, and a three-year term of supervised release. The written judgment of conviction and sentence included, as a condition of supervised release, the previously imposed prohibition against working on government contracts, but this condition was not included in the District Judge's oral pronouncement of sentence. The significance of this omission is the issue considered in this opinion.

## Discussion

■ Handakas contends that the written judgment is erroneous because it included an occupational condition omitted from the oral pronouncement of sentence. He relies on Rule 43(a)(3) of the Federal Rules of Criminal Procedure, which requires that the defendant be present at sentencing. Reasoning from this requirement, we have ruled that in the event of a conflict between the oral pronouncement of sentence and the written judgment, the oral pronouncement "generally controls" because the defendant is present at the announcement of the sentence, but not when the judgment is later entered. *United States v. DeMartino*, 112 F.3d 75, 78 (2d Cir.1997); *see also United States v. Truscello*, 168 F.3d 61, 62 (2d Cir.1999);

*United States v. Marquez*, 506 F.2d 620, 622 (2d Cir.1974).

However, we have not rigidly disregarded all conditions of supervised release later included in a judgment but omitted from the oral pronouncement of sentence. Initially, we permitted the later inclusion of conditions listed as "[m]andatory" or "standard" in subsections 5D1.3(a) and (c) of the Sentencing Guidelines. *See Truscello*, 168 F.3d at 63–64. We then extended *Truscello* to permit the later inclusion of conditions "recommended" by subsection 5D1.3(d) of the Guidelines where the facts warranting such conditions are present. *See United States v. Asuncion–Pimental*, 290 F.3d 91, 94 (2d Cir.2002). We reasoned that, in such circumstances, a recommended special condition was no different from a standard condition. In *United States v. Thomas*, 299 F.3d 150 (2d Cir.2002), we both went a step further and at the same time drew a line. We upheld the later inclusion of " 'basic administrative requirement[s]' that are 'necessary to supervised release.' " *Id.* at 154 (quoting *Truscello*, 168 F.3d at 63, 64). The conditions upheld in *Thomas* required prompt reporting to a probation officer after release from confinement and supervision by the district of residence. *See id.* at 152. But we refused to permit the later inclusion of a condition prohibiting the possession of "any identification in the name of another person," *id.*, because that condition was "neither mandatory under, nor specifically recommended by, the Guidelines and [was] not a basic requirement for the administration of supervised release." *Id.* at 155. *See also United States v. Jacques*, 321 F.3d 255, 262–66 (2d Cir. 2003) (applying *Truscello*, *Asuncion–Pimental*, and *Thomas* to condition of probation included in judgment but not stated at sentencing).

The occupational restriction in our case is not a "mandatory" or "standard" condition listed in subsections 5D1.3(a) and (c), nor a "recommended" condition listed in subsection 5D1.3(d). And it clearly is not a basic requirement for the administration of supervised release. However, occupational restrictions are listed as item (4) in subsection 5D1.3(e). These subsection 5D1.3(e) conditions "may be appropriate on a case-by-case basis." U.S.S.G. § 5D1.3(e).

The Government seeks to bring this case within *Asuncion–Pimental* by taking out of context the following sentence in *United States v. Cutler*, 58 F.3d 825 (2d Cir.1995): "The Guidelines *recommend* imposing restrictions on a defendant's professional activities if [specified conditions are met]." *Id.* at 839 (emphasis added). However, the issue in *Cutler* was whether the sentencing judge had made sufficient findings to support the employment restriction. The condition had been orally stated at sentencing. The use of the word "recommend" in *Cutler* was not used to bring a subsection (e) condition within the scope of subsection (d) of section 5D1.3. In fact, the Guidelines do not "recommend" occupational restrictions, but state only that they "may be appropriate," just like any special condition of supervised release that is reasonable. *See* U.S.S.G. § 5D1.3(b) ("The court may impose other conditions of supervised release . . . .").

Thus, the inclusion in the judgment of the occupational restriction omitted from Handakas's oral sentence does not comport with the requirements of Rule 43(a)(3). Nevertheless, the Government contends, with considerable force, that the error is harmless because the condition was included in the oral pronouncement of the original sentence and the Defendant then voiced no objection to it. According to the Government, the Defendant could have expected the condition to be reimposed at resentencing and had an opportunity to offer any objection at that time. The Defendant responds that the vacation of the mail fraud conspiracy conviction has eliminated the justification for the condition, *see id.* § 5F1.5(a), because that offense was the only one "that touched upon his management, supervision or work in the construction industry." Brief for Appellant at 7.

We are inclined to disagree that the condition was no longer appropriate. Even though the prior appeal determined that the legal requirements for a conviction on the mail fraud count were not established, Judge Weinstein was entitled to conclude by a preponderance of the evidence, and did conclude, that Handakas had acted wrongfully in his dealings with the SCA. At resentencing, in considering the appropriate offense level under the Sentencing Guidelines for the structuring conviction that Judge Weinstein elected to retain, he pointedly disagreed with defense counsel's contention that the structured funds could not be considered to have come from an unlawful source: "[The money] was earned illegally by under paying deliberately and violating the state statute."

Thus, it appears that, after the mail fraud conviction was vacated, Handakas had an opportunity to contend that he had not acted unlawfully in his construction activities. And knowing that the employment condition had previously been imposed, he could have fairly apprehended that it was likely to be reimposed. These circumstances render the error in omitting the condition from the oral sentence very likely harmless. *Cf. United States v. Pagan*, 785 F.2d 378, 380–81 (2d Cir.1986) (failure to recall defendant to impose mandatory assessment was harmless error).

Nevertheless, we recognize that a defendant's argument against an adjusted of-

fense level calculation is not necessarily a substitute for his opportunity to contest the imposition of a non-standard condition of supervised release. Without determining the range of circumstances in which a remand might be appropriate to reconsider a provision in a judgment omitted from an oral sentence,[1] we conclude that, even if not required, it is prudent in this case to remand for the limited purpose of affording Handakas an opportunity to contest the occupational restriction. Whether after such opportunity the restriction should be reimposed will be within the District Court's discretion.

### Conclusion

The case is remanded for reconsideration of the condition of supervised release restricting the Defendant's employment. In all other respects the conviction and sentence are affirmed.

---

**1.** We have previously left this broader issue open. *See Thomas,* 299 F.3d at 156 n. 8 ("At oral argument, the parties were asked to discuss the possibility of allowing the District Court to resentence Thomas on remand. Because the government has not requested such relief, however, we need not address this possibility."). *Cf. United States v. Jolly,* 129 F.3d 287, 290 (2d Cir.1997) (remanding for resentencing), *vacated on other grounds,* 142 F.3d 552, 553 (2d Cir.1998); *DeMartino,* 112 F.3d at 81–82 (same).