**UNITED STATES, Appellee,**

v.

**Falikou KONE and Serge Sitouok, Defendants,**

**Olabode Fajemilehin, Defendant–Appellant.**

No. 04–4117–cr.

United States Court of Appeals, Second Circuit.

Feb. 2, 2007.

Kevin M. Schad, Schad & Schad Lebanon, OH, for Defendant–Appellant.

Daniel W. Levy, Assistant United States Attorney (Diane Gujarati, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: Hon. AMALYA L. KEARSE, Hon. ROBERT A. KATZMANN, Circuit Judges, Hon. DAVID G. TRAGER,* District Judge.

* The Honorable David G. Trager, United States District Judge for the Eastern District of New York, sitting by designation.

**SUMMARY ORDER**

Defendant-appellant Olabode Fajemilehin appeals from the judgment of conviction and sentence imposed by the United States District Court for the Southern District of New York (Baer, *J.*). We assume the parties' familiarity with the facts, the proceedings below, and the specification of issues on appeal.

I. Evidentiary Rulings

■ Fajemilehin raises two sets of challenges to evidentiary rulings of the district court. The first challenges concern several statements allegedly made by a confidential informant ("CI") and admitted into evidence through the testimony of a case agent in violation of Fajemilehin's rights under the Confrontation Clause. The second group of challenges concerns the admission of Fajemilehin's own statements made after his arrest to his two co-defendants.

We review the unpreserved Confrontation Clause claims for plain error. *United States v. Stewart,* 433 F.3d 273, 290 (2d Cir.2006). In *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the Supreme Court "announced a *per se* bar on the admission of a class of out-of-court statements, denominated 'testimonial,' against an accused who had no prior opportunity to cross-examine the declarant." *Stewart,* 433 F.3d at 290 (citing *Crawford,* 541 U.S. at 68–69, 124 S.Ct. 1354). The Court was clear, however, that the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Crawford,* 541 U.S. at 60 n. 9, 124 S.Ct. 1354.

Any out-of-court statements made by the CI and admitted at trial through the

case agent's testimony were not offered for the truth of the matter asserted, but rather as background evidence. "Background evidence may be admitted to ... furnish an explanation of the understanding or intent with which certain acts were performed," and here it was admitted to explain how the investigation of the three defendants began. *United States v. Reifler*, 446 F.3d 65, 92 (2d Cir.2006) (internal quotation marks omitted) (omission in original). Most of the testimony of which Fajemilehin complains, furthermore, either did not include an out-of-court statement made by the CI to the case agent or never actually occurred. For example, the case agent never testified as to the willingness of Fajemilehin's co-defendants to sell heroin or as to their understanding of what would happen at their meeting with the CI. Fajemilehin has therefore failed to carry his burden of establishing that the admission of any of the case agent's testimony was error, much less plain error. *See United States v. Gore*, 154 F.3d 34, 42 (2d Cir.1998) (noting that a defendant "bears the burden of persuasion on appeal to show that the district court committed plain error").

■ We review the district court's admission of Fajemilehin's post-arrest statements for abuse of discretion. *United States v. Madori*, 419 F.3d 159, 168 (2d Cir.2005). To find such abuse, we must conclude that the trial judge's rulings were "arbitrary and irrational." *United States v. Paulino*, 445 F.3d 211, 217 (2d Cir.2006) (internal quotation marks omitted). Fajemilehin's argument that his post-arrest statements were inadmissible hearsay because they were not statements in furtherance of the conspiracy or statements against penal interest misses the mark. His post-arrest statements, when offered against him by the government, were not within the definition of hearsay, *see* Fed. R.Evid. 801(d)(2)(A), and hence were not excludable as hearsay regardless of wheth-

er they would fall under another exclusion from the hearsay definition or under an exception to the hearsay rule. "Statements made by the defendant," where relevant, "may be introduced by the government in a criminal trial to prove the truth of the facts stated in them because they are admissions of an adverse party." *United States v. Russo*, 302 F.3d 37, 43 (2d Cir.2002); *see also United States v. Lieberman*, 637 F.2d 95, 103 n. 11 (2d Cir. 1980) ("We may ... uphold the admission on any theory which finds support in the record, regardless of the ground relied on by the trial court.").

■ Fajemilehin's argument that the statements should have been excluded under Rule 403, Fed.R.Evid., is also unpersuasive. His statement regarding the quantity of heroin seized and his request that Kone accept responsibility for the heroin are relevant evidence of his consciousness of guilt, and are not unfairly prejudicial. "The logical inferences resulting from proffered evidence do not engender the 'unfair prejudice' against which Rule 403 is directed." *United States v. Diaz*, 878 F.2d 608, 615 (2d Cir.1989) (internal quotation marks omitted). The potential for unfair prejudice is greater with respect to Fajemilehin's statement about where he was from, but this statement was probative of his awareness that he was involved in an illegal business and its probative value was not so substantially outweighed by the potential for unfair prejudice that its admission was an abuse of discretion.

## II. Violation of Sequestration Order

■ Fajemilehin contends that a sequestration order was violated by the collocation of two witnesses in the same bullpen and the opportunity this presented to them to discuss their testimony with each other. He concedes that we should review this claim for plain error.

Rule 615 of the Federal Rules of Evidence, upon which Fajemilehin relies, provides that "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion." Fed.R.Evid. 615. Fajemilehin does not allege that he ever made a request to the district court that Kone and Sitouok be sequestered, nor has he shown that the district court issued such an order of its own accord.[1] As a result, there was no error under Rule 615. *See United States v. Rivera,* 971 F.2d 876, 890 (2d Cir.1992) (holding that a court commits no error under Rule 615 by allowing a government witness to sit in the courtroom during trial where the defendant has not requested sequestration of that witness).

III. Sentencing

The government consents to a remand for resentencing pursuant to *United States v. Fagans,* 406 F.3d 138 (2d Cir.2005). We decline Fajemilehin's invitation to make factual findings regarding the drug quantity involved in the offense or determine his Guidelines range more generally, and instead allow the district court to decide these issues in the first instance.

For the foregoing reasons, the judgment of conviction is **AFFIRMED** and the case is **REMANDED** to the district court with instructions to vacate the sentence and resentence in conformance with *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

---

1. Although defense counsel represented at oral argument that the district court had entered a sequestration order, he concedes in a letter submitted pursuant to Federal Rule of Appellate Procedure 28(j) that he has been unable to locate the order in the record of proceedings below.