17-905-cr
United States v. Singh

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of March, two thousand eighteen.

PRESENT:
> JOHN M. WALKER, JR.,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
>> *Circuit Judges*.

-----------------------------------------------------------------------

UNITED STATES OF AMERICA,

> *Plaintiff-Appellee*,

> v.                                            No. 17-905-cr

HARPUSHPINDER SINGH,

> *Defendant-Appellant*.

-----------------------------------------------------------------------

| | |
|---|---|
| For Appellant: | ARZA FELDMAN, Feldman & Feldman, Uniondale, New York. |
| For Appellee: | JOSEPH A. GIOVANNETTI, Assistant United States Attorney, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Albany, New York. |

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on March 17, 2017, is **AFFIRMED IN PART AND VACATED AND REMANDED IN PART**.

Defendant Harpushpinder Singh ("Singh") appeals from his conviction and sentencing following a jury trial in which he was convicted of transporting aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). Singh was sentenced to a below-Guidelines sentence of time served, to be followed by one year of supervised release. Singh claims that the district court committed plain error by allowing Border Patrol Agent Charlie Toledo ("Agent Toledo") to testify about what another Border Patrol agent and an unidentified tribal officer said about Singh's attempt to transport aliens six months prior to the conduct supporting the indictment. Singh also claims that the district court plainly erred by imposing two conditions of supervised release without pronouncing these conditions orally at sentencing.

Singh did not object to Agent Toledo's testimony on hearsay grounds, nor did he object to the challenged conditions of supervised release. When a defendant fails to object to the admission of evidence before the district court, we review for plain error. *Johnson v. United States*, 520 U.S. 461, 466–67 (1997). On plain error review, the defendant must show:

> (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.

*United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks omitted). Likewise,

if a defendant does not object to a supervision condition, we review for plain error. *United States v. Simmons*, 343 F.3d 72, 80 (2d Cir. 2003). If, as in this case, the defendant does not have prior knowledge of the condition at issue, we apply a "relaxed form of plain error review." *United States v. Matta*, 777 F.3d 116, 121 (2d Cir. 2015) (internal quotation marks omitted). In undertaking this review, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.

## I. Agent Toledo's Testimony

Singh argues that his Sixth and Fourteenth Amendment rights were violated when the government called Agent Toledo to testify about what Border Patrol Intel Agent Rick Vogelzang ("Agent Vogelzang") and an unidentified tribal officer witnessed in 2015. According to Singh, these out-of-court statements were highly prejudicial and were offered only to prove the truth of the matter asserted.

Hearsay is an out-of-court statement that is offered to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). Hearsay and hearsay-within-hearsay are inadmissible unless the statement fits within a hearsay exception. Fed. R. Evid. 802, 805. An out-of-court statement is not hearsay and is therefore admissible "if it is offered to prove relevant facts other than the truth of what was asserted in the statement." *United States v. Johnson*, 529 F.3d 493, 500 (2d Cir. 2008); *United States v. Logan*, 419 F.3d 172, 177 (2d Cir. 2005) (holding that the Sixth Amendment "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted" (quoting *Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004)). Out-of-court statements not offered for their truth must satisfy Federal Rules of Evidence 401 and 403. *United States v. Paulino*, 445 F.3d 211, 217 (2d Cir. 2006). "[T]hat is,

3

(1) the non-hearsay purpose for which the evidence is offered must be relevant and (2) the probative value of the evidence for this non-hearsay purpose must not be outweighed by the danger of unfair prejudice." *Id.*

The district court did not plainly err in admitting Agent Toledo's testimony because none of the out-of-court statements challenged by Singh were offered for their truth. The government offered Agent Vogelzang's and the tribal officer's statements to show their effect on Agent Toledo. In other words, they were offered to demonstrate why Agent Toledo stopped and questioned Singh in 2015 and to provide some context for Agent Toledo's pointed questions. *See United States v. Reifler*, 446 F.3d 65, 92 (2d Cir. 2006) ("Background evidence may be admitted to . . . furnish an explanation of the understanding or intent with which certain acts were performed." (quoting *United States v. Daly,* 842 F.2d 1380, 1388 (2d Cir. 1988)); *United States v. Kone*, 216 F. App'x 74, 75–76 (2d Cir. 2007) (summary order) (finding no error where the district court admitted a confidential informant's out-of-court statements to explain how law enforcement's investigation of the defendants began).

Moreover, the information Agent Volgezang provided Agent Toledo is relevant. The circumstances surrounding what prompted Agent Toledo to stop and question Singh assisted the jury in understanding Singh's responses to Agent Toledo's questioning and, in turn, Singh's state of mind when he picked up the Patels in 2016. The district court also limited any prejudice Singh may have suffered because of these statements, instructing the jury that it was prohibited from relying on Agent Toledo's testimony to find that Singh had the propensity to commit the acts

4

charged in the indictment.   Accordingly, the district court did not plainly err in allowing Agent

Toledo to testify to what he was told by Agent Vogelzang.[1]

## II.   Supervised Release Conditions

Singh also argues that the district court erred by imposing two conditions of supervised

release without orally pronouncing these conditions at sentencing.   The district court imposed a

condition requiring Singh to answer truthfully his probation officer's inquiries; the court also

required Singh to disclose financial information to his probation officer.   These conditions were

not pronounced at the sentencing hearing but rather were included in the final written judgment.

A defendant has the "constitutional right to be present when he is sentenced." *United*

*States v. DeMartino*, 112 F.3d 75, 78 (2d Cir. 1997).   Therefore, "where there is a direct conflict

between an unambiguous oral pronouncement of sentence and the written judgment and

commitment[,] the oral pronouncement must control." *United States v. Truscello*, 168 F.3d 61,

62 (2d Cir. 1999) (internal quotation marks, alternations, and emphasis omitted).   A district judge,

however, is not required to pronounce standard conditions of supervised release orally at

sentencing.   Standard conditions are "basic administrative requirement[s] essential to the

functioning of the supervised release system," *id.* at 63 (quoting *United States v. Smith*, 982 F.2d

---

[1] Assuming *arguendo* the district court committed plain error in admitting the entirety of Agent Toledo's testimony, we would affirm for the additional reason that the testimony did not affect Singh's substantial rights.   The substance of Agent Vogelzang's and the tribal officer's out-of-court statements was cumulative to Singh's admissions to Agent Toledo.   In other words, Singh's own admissions, *see* Fed. R. Evid. 801(d)(2)(A), provided the same information as the hearsay statements he identifies.   Agent Toledo's testimony, therefore, did not affect Singh's substantial rights. *See United States v. Rowland*, 826 F.3d 100, 114 (2d Cir. 2016) (noting that if we determine "that the evidentiary error did not influence the jury, or had but very slight effect, the verdict and the judgment should stand" (quoting *United States v. Garcia*, 413 F.3d 201, 210 (2d Cir. 2005)).

5

757, 764 (2d Cir. 1992)), and the district court does not deprive a defendant of his right to be present at sentencing by failing to reference explicitly "each and every standard condition of supervision," *id.* Conversely, a district court deprives a defendant of his right to be present at sentencing if the final judgment contains special conditions of supervised release that were not part of the court's oral pronouncement of his sentence. *United States v. Handakas*, 329 F.3d 115, 118–19 (2d Cir. 2003).

Applying this standard, the district court did not err in imposing a condition that Singh answer his probation officer's inquiries truthfully. Requiring a defendant to "answer truthfully the questions asked by the probation officer" is a standard condition of supervised release. U.S.S.G. § 5D1.3(c)(4). The district court therefore did not deprive Singh of his right to be present at sentencing by including this condition in the final judgment rather than pronouncing it orally at sentencing. *See Truscello*, 168 F.3d at 63.

Furthermore, despite Singh's arguments to the contrary, this condition did not require Singh to choose between compliance with the district court's supervision conditions and his Fifth Amendment right against self-incrimination. By merely imposing the condition that Singh answer questions truthfully, the district court did not imply that Singh would be penalized if he invoked his Fifth Amendment privilege. There is thus nothing in this condition that would compel Singh to waive his Fifth Amendment rights. *See United States v. Jennings*, 652 F.3d 290, 304 (2d Cir. 2011) ("So long as the probationer has not been told that he would lose his freedom if he invoked his Fifth Amendment privilege, a statement is not deemed 'compelled' merely because the probation officer has the authority [to seek truthful answers from the probationer]." (quoting *Minnesota v. Murphy*, 465 U.S. 420, 431 (1984)).

6

As the government has acknowledged, *see* Appellee's Br. at 35, the district court erred in imposing a financial disclosure condition without pronouncing it orally at sentencing. Unlike the duty to answer a probation officer's questions truthfully, providing financial disclosure is a special condition of supervision. Section 5D1.3(b) of the Sentencing Guidelines allows a district court to impose special conditions that are consistent with the factors found in 18 U.S.C. 3553(a) and involve no greater deprivation of liberty than is reasonably necessary for the purposes of sentencing. *See* U.S.S.G. § 5D1.3(b). Against this backdrop, the district court was well within its discretion to order Singh to provide his financial information. Ostensibly, requiring such financial disclosure will dissuade Singh from further engaging in accepting high paying fares in return for transporting undocumented aliens. The district court, however, deprived Singh of his right to be present at sentencing by adding this condition after the fact and not articulating it at the sentencing hearing. We therefore remand this case to the district court for the limited purpose of reconsidering and, if still appropriate, reimposing this supervision condition at a hearing with Singh present. *See United States v. Rosario*, 386 F.3d 166, 169–70 (2d Cir. 2004).

We have considered Singh's remaining arguments on appeal and find them to be without merit. We **VACATE** the portion of the district court's judgment requiring Singh to disclose his financial information to his probation officer and **REMAND** for the limited purpose of reconsidering and, if still appropriate, reimposing this supervision condition, and **AFFIRM** the judgment in all other respects.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7