*United States v. Burden*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of January, two thousand nineteen.

Present:
> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges*.

---

United States of America,

> *Appellee*,

> v.

Terrence Boyd, Todd Summerville, Anthony Burden, AKA Tony, AKA Mackey, Willie Prezzie, AKA Dog, AKA Prez, Anthony Buchanan, AKA Jungle, Terrence Thompson, AKA Creed, Michael Sawyer, AKA Michael Moss, Terra Nivens, AKA Stink, AKA Stinkfinger, Frank Knight, AKA Groovy, AKA Ace, Dwight Maschek, AKA Shorty, Jermaine Martin, AKA Psycho, Andre McClendon, AKA Popsicle, Michael Glenn, AKA Rockafella, Robert Jones, AKA Swinger, David L. Burden, AKA Quinten, AKA Sid, David M. Burden, AKA DMX, AKA X, Joseph Daniels, AKA Digital, Lavon Godfrey, Alvin White, AKA Uncle Lee, Andre Dawson, AKA Yup Yup, Jeffrey Fredericks, AKA JL, AKA Dahmer, Jahod Nash, AKA Hottie Jig, Mark Caldwell, AKA Lt. Sparks, Kevin Hamlette, AKA Fresh, Patrice St. Surin, AKA Patrick, AKA Watty Wat, Ernest

17-3311 (L)
17-3312 (Con)

1

Eugene Weldon, AKA Gene, AKA Mean Gene, AKA Mean One, Thomas Holman, AKA Uno, Adam Sanders, AKA AD, Kendal Mullins, AKA K-Nice, Thomas Fagan, Joseph Darden, Jeffrey Lockhart, Lamont Brown, AKA L, St. Clair Burden, AKA Gowser, AKA GP, AKA Boo Boo, Cedric Burden, AKA Sid, Antonio Williams, AKA Lo Lo, Angel Cabrera, AKA Cheeks, Keith Lyons, AKA Papa Large, AKA Pops, Barney Burden, AKA Rock, AKA Buddy, AKA Buddy Rock, Demetrius Story, Leslie Wayne Carlos, AKA Cheetah,

*Defendants*,

Kelvin Burden, AKA Waffle, AKA Uncle, AKA Unc, Jermaine Buchanan, AKA Ski,

*Defendants-Appellants*.

_____

| | |
|---|---|
| For Defendants-Appellants: | Elizabeth Latif, Law Offices of Elizabeth Latif PLLC, West Hartford, CT; Kenneth Caruso, White & Case LLP, New York, NY. |
| For Appellee: | Marc H. Silverman, Sandra S. Glover, Assistant U.S. Attorneys, *for* John H. Durham, U.S. Attorney for the District of Connecticut, New Haven, CT. |

Appeals from judgments of the United States District Court for the District of Connecticut (Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court are **AFFIRMED IN PART** and **VACATED AND REMANDED IN PART**.

This consolidated appeal involves the sentencing of Defendants-Appellants Kelvin Burden ("Burden") and Jermaine Buchanan ("Buchanan"). On October 2, 2017, Burden and Buchanan were separately sentenced to nearly identical five-year terms of supervised release, along with nine special conditions of supervised release. Burden's appeal has been fully briefed before this Court. As for Buchanan's appeal, his attorney Kenneth Caruso ("Caruso") moves to be relieved as counsel

2

pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no nonfrivolous issues that can be raised on appeal. The government moves for summary affirmance as to Buchanan's term of supervised release and six of the nine special conditions. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Burden principally argues that (1) the district court "failed to consider" his liberty at sentencing, as required by 18 U.S.C. § 3583(d)(2), and (2) even if the court did consider his liberty, the special conditions imposed "involve[d] a greater deprivation of liberty than reasonably necessary to achieve sentencing goals." Burden Br. 11–12. We are not persuaded. "[W]e presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors." *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007). While the district court did not recite the word "liberty," "no robotic incantations are required to prove the fact of consideration." *Id.* (internal quotation marks omitted). Nothing in the record here suggests that the court failed to consider Burden's liberty. Indeed, the record shows that the court considered a "very long period of supervised release," but chose instead to impose a five-year term with relatively strict conditions, such as "GPS monitoring, a curfew, [and] confirmation of [Burden's] financial transactions," in order to give Burden a chance to prove that he was "going to be a good citizen" in a "short period of time." Burden App'x 154, 164. Furthermore, these conditions appropriately balanced Burden's interests of liberty with the sentencing goals of protecting the public and helping Burden "transition to community life." Burden App'x 161. We conclude that the court's sentencing of Burden was procedurally and substantively proper, with three exceptions to be outlined below.

As to the government's motion for summary affirmance of Buchanan's sentence, we agree that—but for the same three exceptions—there are no nonfrivolous issues to be raised on appeal and grant the motion in part. Because, however, we conclude that those three exceptions constitute nonfrivolous issues, we deny Caruso's *Anders* motion.[1]

Three of the special conditions imposed on both Burden and Buchanan require remand for resentencing. First, special condition 1 impermissibly delegates the district court's authority to restrict Defendants-Appellants' liberty to the Probation Office by requiring that they "participate in a program *approved by the Probation Office* for inpatient or outpatient substance abuse treatment and testing." Burden App'x 171 (third amended judgment) (emphasis added); Buchanan D. Ct. Dkt. 2507 at 1 (second amended judgment) (emphasis added); *see United States v. Matta*, 777 F.3d 116, 123 (2d Cir. 2015) (vacating similarly-worded special condition). On remand, the district court should impose either outpatient treatment or inpatient treatment. *See Matta*, 777 F.3d at 123. Second, special condition 5 imposes a 40-hour per week work or volunteer requirement that overlaps with the standard conditions of supervised release, which impose a 30-hour per week work requirement. *Compare, e.g.*, Buchanan D. Ct. Dkt. 2507 at 2 (special condition 5) *with id.* at 3 (standard condition 7). Although the two conditions are not inconsistent, the district court should clarify whether the special condition takes precedence.

Third, there is a substantive discrepancy between the version of special condition 9 announced at each sentencing and the written version contained in each judgment. At their sentencing hearings, the district court announced that Burden and Buchanan would each be subject

---

[1] We note that no additional briefing is necessary on the present appeal. However, as we are denying the motion to be relieved, Caruso must continue to represent Buchanan in subsequent proceedings, subject to further order of this Court or the district court.

to a curfew from 10 P.M. to 6 A.M., but the written version of this condition did not include the curfew hours; the written version also prohibits Burden and Buchanan from leaving their homes except for approved "employment, community service, treatment, Probation Office meetings, programs, church, and medical appointments[.]" *Compare* Buchanan App'x at 125–26, *and* Burden App'x 166, *with* Buchanan D. Ct. Dkt. 2507 at 2, *and* Burden App'x 172. On remand, the district court should clarify which version of special condition 9 it intends to impose. If it chooses to impose the written version, it should permit Defendants-Appellants to challenge that version at a hearing. *See United States v. Handakas*, 329 F.3d 115, 119 (2d Cir. 2003) (remanding to permit defendant to challenge imposition of special condition imposed in written judgment but not orally announced at sentencing).

*       *       *

For the above-stated reasons, (1) the judgment of the district court is **AFFIRMED IN PART** with respect to Burden's term of supervised release and special conditions 2–4 and 6–8 of supervised release; (2) Caruso's *Anders* motion is **DENIED**; (3) the government's motion for summary affirmance in Buchanan's appeal is **GRANTED IN PART** as to Buchanan's term of supervised release and special conditions 2–4 and 6–8 of supervised release and **DENIED IN PART** as to special conditions 1, 5, and 9 of supervised release; and (4) special conditions 1, 5, and 9 of supervised release in both cases are **VACATED** and both cases are **REMANDED** for resentencing on special conditions 1, 5, and 9 of supervised release.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5