*United States v. Hines*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of July, two thousand twenty-four.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> RAYMOND J. LOHIER, JR.,
> STEVEN J. MENASHI,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                                            21-3121-cr

CRAIG HINES,

> *Defendant-Appellant*.

_____

| | |
|---|---|
| For Appellee: | ELENA LALLI CORONADO, Assistant United States Attorney (Conor M. Reardon, Sandra S. Glover, Assistant United States Attorneys, *on the brief*), *on behalf of* Vanessa Roberts Avery, United States Attorney, District of Connecticut, New Haven, CT. |
| For Defendant-Appellant: | CHRISTIAN B. RONALD (Brian A. Jacobs, *on the brief*), Morvillo Abramowitz Grand Iason & Anello PC, New York, NY. |

1

Appeal from a judgment of the District of Connecticut (Underhill, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Craig Hines ("Hines") appeals from an October 28, 2021 judgment resentencing him to 262 months' imprisonment pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act" or "FSA"). In 2005, Hines pled guilty to (1) possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) ("Count One"); (2) possession with intent to distribute five or more grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) ("Count Two"); and (3) possession, use and carrying a firearm during, in relation to, and in furtherance of a drug offense in violation of 18 U.S.C. § 924(c)(1) ("Count Three"). In 2006, the district court sentenced Hines to 262 months' imprisonment on Count One; 202 months' imprisonment on Count Two, to run concurrently with Count One; and, on Count Three, to 60 months' imprisonment to run consecutively to Count Two and concurrently with Count One, for an aggregate sentence of 262 months. Hines was also sentenced to five years of supervised release.

In 2014, Hines was convicted of a double murder in Connecticut Superior Court and sentenced to 125 years in prison, to run consecutively to his federal sentence. Hines committed the murders in 2000, prior to his federal convictions. When Hines moved to reduce his sentence pursuant to the First Step Act in 2019, the district court determined that Hines was eligible for FSA relief and resentenced him to 120 months' imprisonment on Count One, 28 months' imprisonment on Count Two, and 114 months' imprisonment on Count Three, with all terms of imprisonment to run consecutively, which resulted again in an aggregate 262-month sentence. Hines was also sentenced to a total of five years of supervised release. We assume the parties' familiarity with

the underlying facts, the procedural history of the case, and the issues on appeal, which we discuss here only as necessary to explain our decision to affirm.

### I. Count Three Sentence

Hines principally argues on appeal that the district court erred by increasing his sentence on Count Three so that his aggregate sentence of 262 months' imprisonment remained the same both before and after he sought FSA relief. At the start, we have held that the First Step Act only authorizes resentencing on covered offenses, *see United States v. Young*, 998 F.3d 43, 47 (2d Cir. 2021), and here it is undisputed that only Hines's Count Two conviction for possession with intent to distribute five or more grams of crack cocaine constitutes such an offense. Hines argues that *Young*'s holding has been abrogated by *Concepcion v. United States*, 597 U.S. 481 (2022), such that the district court did not err by resentencing him on all counts. The Government disagrees but asserts that we need not determine this question to resolve this appeal. We agree, concluding that even assuming *arguendo* that the district court's resentencing on non-covered offenses was permissible under the First Step Act, Hines is not entitled to relief on appeal.

We review the district court's resolution of a motion for a discretionary sentence reduction for abuse of discretion but consider questions of statutory interpretation *de novo*. *United States v. Moore*, 975 F.3d 84, 88-89 (2d Cir. 2020). The First Step Act authorizes a "court that imposed a sentence for a covered offense" to "impose a *reduced* sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." First Step Act, § 404(b), 132 Stat. at 5222 (emphasis added). The statutory text thus indicates that the First Step Act cannot be used to increase a sentence. *See Telcy v. United States*, 20 F.4th 735, 744 (11th Cir. 2021); *United States v. Lawrence*, 1 F.4th 40, 48 (D.C. Cir. 2021). Even assuming, contrary to our precedent in *Young*, that resentencing on non-covered counts would be authorized under

3

Section 404(b), it would be authorized because the component terms of imprisonment on separate counts are treated as one aggregate "sentence" under § 404(b). *See United States v. Richardson*, 96 F.4th 659, 666 (4th Cir. 2024) (explaining that resentencing on non-covered counts is allowed because "[m]any district judges, when undertaking this detail-oriented process, sometimes focus on working out a 'formula' to accomplish desired results in sentencing the whole defendant, as opposed to sentencing discrete charges"); *United States v. Hudson*, 967 F.3d 605, 611 (7th Cir. 2020) ("[A] court's consideration of the term of imprisonment for a non-covered offense comports with the manner in which sentences are imposed. . . . Multiple terms of imprisonment are treated under federal law as a single, aggregate term of imprisonment."). Therefore—if § 404(b) authorized a plenary resentencing by referring to a single aggregate "sentence"—we would look at the entire sentence to determine if a sentence was increased, not the individual terms of imprisonment. Here, Hines was originally sentenced to a total of 262 months' imprisonment. He remains sentenced to 262 months' imprisonment. Accordingly, the district court did not err when it resentenced Hines to a new sentence that was the equivalent of his old sentence.

## II.    Substantive Reasonableness

Hines next argues that his sentence on Count Three was substantively unreasonable because Hines's prior violent conduct, including his two state murder convictions, "cannot bear the weight of the sentence the district court imposed." Appellant's Suppl. Br. at 50-51 (internal quotation marks and citation omitted). We review the "substantive reasonableness of a sentence under a deferential abuse-of-discretion standard."[1] *United States v. Richardson*, 958 F.3d 151,

---

[1] Hines did not challenge the substantive reasonableness of his sentence before the district court, raising the question whether to apply plain error review on appeal. But this circuit "ha[s] not decided whether plain error review applies to an unpreserved challenge to the substantive reasonableness of a sentence." *United States v. Thavaraja*, 740 F.3d 253, 258 n.4 (2d Cir. 2014). We need not decide the question here, as Hines's claim fails under the comparatively less rigorous abuse of discretion standard.

153 (2d Cir. 2020) (internal quotation marks omitted). Our review is even more deferential in the context of a First Step Act resentencing. *Concepcion*, 597 U.S. at 501 ("Other than legal errors in recalculating the Guidelines to account for the Fair Sentencing Act's changes . . . appellate review should not be overly searching."). "In reviewing [a sentence] for substantive reasonableness, we consider the totality of the circumstances, and reverse only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions[.]" *United States v. Mason*, 692 F.3d 178, 181 (2d Cir. 2012) (internal quotation marks and citations omitted).

Contrary to Hines's claims on appeal, Hines's sentence fits within the range of sentences that would be permissible to impose in these circumstances. District courts considering First Step Act resentencings are permitted to consider factual developments that occurred after the original sentencing. *Cf. Concepcion*, 597 U.S. at 499. Since the original sentencing, Hines has been convicted of murdering two people. This new information increased the district court's concern about Hines's violence. App'x 305-06 ("[Y]ou have been convicted by a jury of two counts of murder in addition to the violent acts that gave rise to your original plea. . . . So what I see is somebody who is a violent person."). This concern led the district court to increase the term of imprisonment on Count Three. Considering that Hines's prior violent conduct includes killing two people, shooting one person in the leg, and shooting at a car with multiple occupants, we cannot conclude that Hines's 114-month term of imprisonment on Count Three is "shockingly high." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012).

Hines also argues that the district court abused its discretion by "unreasonably dismiss[ing] the impact of Mr. Hines's revised sentence" in light of his 125-year state sentence. Appellant's Suppl. Br. at 52. We disagree. The record shows that the district court took the imposition of Hines's revised sentence very seriously. The district court adjourned the first sentencing hearing

5

in order to allow Hines the opportunity to present the best case possible for a sentence reduction, going so far as to authorize the use of a CJA voucher to assist in obtaining a polygraph examination for Hines's state habeas case. At the second resentencing hearing, the district court reiterated its willingness to postpone resentencing until Hines's state habeas case was resolved. The district court did not abuse its considerable discretion in sentencing Hines to a 114-month sentence on Count Three.

### III. Conditions of Supervised Release

Finally, Hines argues that the district court erred by imposing a condition of supervised release requiring that he "participate in a program approved by the Probation Office for inpatient or outpatient substance abuse treatment and testing." App'x 315. Although we generally review conditions of supervised release for abuse of discretion, "[w]hen the defendant does not object to the conditions . . . we review only for plain error."[2] *United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010). To be sure, "[t]he power to impose special conditions of supervised release . . . is vested exclusively in the district court," so the district court itself must impose "any condition that affects a significant liberty interest, such as one requiring the defendant to participate in residential treatment." *United States v. Matta*, 777 F.3d 116, 122, 123 (2d Cir. 2015) (internal quotation marks and citation omitted). But while it would be error for the district court to delegate to the Probation Office the power to decide whether Hines must participate in inpatient or outpatient

---

[2] Hines urges us to apply "relaxed" plain error review to this challenge. Appellant's Suppl. Br. at 55. But to the extent this court's precedent recognizes this doctrine, such review applies only when "the defendant lacked sufficient prior notice that a particular condition of supervised release might be imposed." *United States v. Matta*, 777 F.3d 116, 121 (2d Cir. 2015). Here, Hines had prior notice of the conditions of supervised release because they were the same conditions of supervised release originally imposed and the judgment imposing these conditions was sent to Hines and his attorney as part of the Supplemental Presentencing Report produced for the resentencing. "[K]nowing that the . . . condition had previously been imposed, he could have fairly apprehended that it was likely to be reimposed." *United States v. Handakas*, 329 F.3d 115, 118 (2d Cir. 2003). Therefore, relaxed plain error review does not apply.

treatment, *id.* at 123, we need not construe the condition here as permitting such delegation where a narrower interpretation is possible, *see United States v. Kunz*, 68 F.4th 748, 771 (2d Cir. 2023). We construe this condition of supervised release to only delegate to the Probation Office the "sort of minor details of supervised release already within Probation's purview," *id.* (internal quotation marks and citation omitted), such as "the selection of a therapy provider or treatment schedule," *United States v. Birkedahl*, 973 F.3d 49, 54 (2d Cir. 2020) (internal quotation marks omitted), and not to delegate to that Office the decision whether Hines will be subject in the future to inpatient, as opposed to outpatient, treatment. So construed, and applying plain error review, we decline to vacate this condition of supervised release.

\*　　\*　　\*

We have considered Hines's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.[3]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] The Government's motion to dismiss the appeal pursuant to an appeal wavier and for summary affirmance is dismissed as moot. We need not decide the applicability of the appeal waiver here given the disposition of this case.