**UNITED STATES of America,**
**Appellee,**

v.

**Roberto ROSARIO, Defendant–**
**Appellant.**

**No. 03–1686–CR.**

United States Court of Appeals,
Second Circuit.

Argued: Sept. 8, 2004.

Decided: Oct. 8, 2004.

Yuanchung Lee, The Legal Aid Society, Federal Defender Division Appeals Bureau, New York, N.Y., submitted a brief for Defendant–Appellant.

David N. Kelly, U.S. Attorney, Michael Y. Scudder, Jr., Celeste L. Koeleveld, Asst. U.S. Attys., New York, N.Y., submitted a brief for Appellee.

Before: NEWMAN, CALABRESI, and HALL, Circuit Judges.

NEWMAN, Circuit Judge.

This sentencing appeal primarily concerns the issue of whether a condition of supervised release requiring registration as a sex offender violates the Tenth Amendment. The appeal also presents the issue of whether a modification of the terms of supervised release may validly be made in the defendant's absence after the oral pronouncement of the sentence. Roberto Rosario appeals from the November 7, 2003, judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, District Judge). We conclude that the sex offender registration requirement, properly understood to apply only in states with existing registries, is valid, but that one aspect of the post-pronouncement modification of the sentence must be deleted, as the Government concedes. We therefore affirm in part, vacate in part, and remand.

## Background

Rosario pled guilty to a narcotics offense and was sentenced to a term of 21 months' imprisonment and a three-year term of supervised release. The presentence report disclosed that he had previously been convicted of attempted rape involving a seven-year-old girl. As a result, the District Judge included as a condition of supervised release a requirement that Rosario register as a sex offender. In imposing sentence, Judge Hellerstein also stated as a condition of supervised release that Rosario should have no intentional contact with youths under the age of 17, with the exception of his own son. On the same day that the oral sentence was announced, Judge Hellerstein signed a written judgment, which slightly altered the oral statement of supervised release conditions in two respects. First, it limited the registration requirement to jurisdictions in which the requirement was "applicable." Second, it broadened the prohibition on intentional contact with youths under 17 by specifying that the exception for contact with Rosario's son would apply only if approved by the New York Family Court or other court having jurisdiction.

## Discussion

We consider first the modifications from the oral sentence and then the substantive objection to the registration requirement.

■ 1. *Sentence modifications.* It is well settled, as a general proposition, that in the event of variation between an oral pronouncement of sentence and a subsequent written judgment, the oral pronouncement controls, see *United States v. Handakas,* 329 F.3d 115, 117 (2d Cir.2003); *United States v. DeMartino,* 112 F.3d 75, 78 (2d Cir.1997),[1] and any burdensome punishments or restrictions added in the written judgment must be removed, see *Bartone v. United States,* 375 U.S. 52, 53, 84 S.Ct. 21, 11 L.Ed.2d 11 (1963) (rejecting one day added to one-year sentence). This rule implements the requirement that a

---

**1.** This proposition was first held in this Circuit in *United States v. Marquez,* 506 F.2d 620, 622 (2d Cir.1974), adopting the view earlier expressed in a concurring opinion by Judge Leonard Moore, *see Sobell v. United States,* 407 F.2d 180, 184 (2d Cir.1969).

defendant is entitled to be present at all critical stages of his trial, including sentencing, see Fed.R.Crim.P. 43(a)(3). However, with respect to later modifications of the terms of supervised release omitted from the oral pronouncement, we have permitted inclusion of (a) conditions of supervised release listed as "mandatory" or "standard" in subsections 5D1.3(a), (c) of the Sentencing Guidelines, see *United States v. Truscello*, 168 F.3d 61, 63–64 (2d Cir.1999),[2] (b) conditions "recommended" by subsection 5D1.3(d) of the Guidelines, see *United States v. Asuncion–Pimental*, 290 F.3d 91, 94 (2d Cir.2002), and (c) " 'basic administrative requirements' that are 'necessary to supervised release,' " see *United States v. Thomas*, 299 F.3d 150, 154 (2d Cir.2002) (quoting *Truscello*, 168 F.3d at 63, 64).

■ In the pending case, the written judgment differs from the oral pronouncement of sentence in two respects. First, the oral pronouncement required Rosario, as a condition of supervised release, to "register with the state sex offender registration agency in any state in which you live or are employed or carry on a vocation or are a student as directed by the probation officer. And you shall adhere to the registration and notification providers [*sic* ] of the state in which you reside," but the written judgment preceded this requirement with the added words "[i]f applicable" and also corrected "providers" to read "procedures." Second, the oral pronouncement excepted Rosario's son from the condition of supervised release prohibiting Rosario "from any intentional contact with any child under 17 years of age unless

approved by the probation officer," but the written judgment limited the exception to read, "Upon approval of the Family Court, or other court having jurisdiction, these restraints [on contact with youths] will not apply to defendant's own son, to the extent such court deems appropriate."

On appeal, Rosario does not challenge the first modification. Specifying that the sex offender registration obligation was required only in jurisdictions in which it was "applicable" added a limitation that inured to Rosario's benefit and afforded him no basis on which he could complain. The correction of what was apparently a transcription error—changing "registration and notification providers" to "registration and notification procedures"—also afforded no basis for complaint. *See* Fed. R.Crim.P. 36 (permitting correction of clerical errors).

Rosario does complain that the written judgment limited his contact with his son by adding a requirement of approval by the Family Court or other court having jurisdiction. Although this change amounts to a very slight added burden upon Rosario, the Government concedes that the change was improperly added in Rosario's absence and that it should therefore be deleted. Whether or not we would agree were the matter contested, we will accept the Government's concession that the additional provision should be deleted from the judgment.

Once an improper addition to an oral pronouncement has been deleted from a written judgment, it is not self-evident why the error in altering the oral sentence in

---

**2.** The *Truscello* opinion refers to the permissible inclusion in the written judgment of "standard" conditions of supervised release, listed in U.S.S.G. § 5D1.3(c), but notes that one of the conditions added after the oral pronouncement of sentence was in fact a "mandatory" condition, listed in U.S.S.G.

§ 5D1.3(a), *see Truscello*, 168 F.3d at 62 n. 2. We have considered *Truscello* to permit inclusion in the written judgment of both "standard" and "mandatory" conditions of supervised release. *See United States v. Thomas*, 299 F.3d 150, 153 (2d Cir.2002).

the defendant's absence may not be remedied on remand by reconsidering and, if still appropriate, reimposing the additional provision at a hearing with the defendant present. The obstacle is the aspect of the Double Jeopardy Clause that bars "multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). The circumstances under which the bar to multiple punishments prohibits enhancement of a sentence have evolved over time.

At common law, a sentence could be increased during the same term of court. *See United States v. DiFrancesco*, 449 U.S. 117, 133–34, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). In federal practice, courts increased sentences during the interval between imposition of the sentence and the beginning of service of the sentence. *See United States v. DiLorenzo*, 429 F.2d 216, 221 (2d Cir.1970) (permitting additions to a sentence where service of the sentence has not begun); *De Maggio v. Coxe,* 70 F.2d 840, 840 (2d Cir.1934) (same). Thus, by 1980 the Supreme Court could refer to "the established practice in federal courts that the sentencing judge may recall the defendant and increase his sentence, at least ... so long as he has not yet begun to serve that sentence." *DiFrancesco*, 449 U.S. at 134, 101 S.Ct. 426.

After service of the sentence had begun, it was once thought that a sentence could never be increased, *see United States v. Benz*, 282 U.S. 304, 307, 51 S.Ct. 113, 75 L.Ed. 354 (1931). This view, however, has been altered in more recent times. *See DiFrancesco*, 449 U.S. at 138–39, 101 S.Ct. 426 (limiting import of language in *Benz* ). First, a sentence may be increased when the original sentence did not conform to a statutory requirement. *See Bozza v. United States*, 330 U.S. 160, 166–67, 67 S.Ct. 645, 91 L.Ed. 818 (1947) (sentence increased to include mandatory fine). Second, a sentence may, in some circumstances, be increased after a retrial sought by the defendant. *See North Carolina v. Pearce*, 395 U.S. 711, 719–22, 89 S.Ct. 2072 (1969). Third, a sentence may be increased after a successful appeal by the Government. *See DiFrancesco*, 449 U.S. at 132, 101 S.Ct. 426. Fourth, in some circumstances, a sentence on one count may be increased after the sentence on a similar or related count has been vacated on appeal, *see United States v. Gelb*, 944 F.2d 52, 58–60 (2d Cir.1991) (permitting increase of sentence on tax count after sentence on "fungible" count for different tax year vacated); *McClain v. United States*, 676 F.2d 915, 918 (2d Cir. 1982) (increase of sentence "underneath" vacated consecutive sentence); *see generally United States v. Mata*, 133 F.3d 200, 202 (2d Cir.1998) ("When a defendant elects to challenge one part of a sentencing 'package' whose constituent parts are 'truly interdependent,' review of the entire sentencing package does not constitute a double jeopardy violation."), and, in some circumstances, a sentence on one component of a sentence on a single count may be increased after the sentence on another component has been vacated on appeal, *see United States v. Versaglio*, 85 F.3d 943, 948–49 (2d Cir.1996) (permitting increased fine after imprisonment component vacated); *United States v. Bohn*, 959 F.2d 389, 394–95 (2d Cir.1992) (permitting imposition of prison sentence after amount of fine reduced on appeal); *United States v. Young*, 932 F.2d 1035, 1037–38 (2d Cir. 1991) (permitting imposition of fine after restitution order vacated), but a sentence on one count may not be increased after the sentence on an unrelated count has been vacated on appeal, *see United States v. Pisani*, 787 F.2d 71, 75–76 (2d Cir.1986). The modern principle governing all of these situations appears to be, as succinct-

ly synthesized by then-Judge Bork, "that the application of the double jeopardy clause to an increase in a sentence turns on the extent and legitimacy of a defendant's expectation of finality in that sentence." *United States v. Fogel*, 829 F.2d 77, 87 (D.C.Cir.1987).

■ The same principle applicable to sentence increases in general has been applied to determine the validity of written judgments that purport to increase a sentence as orally pronounced. Thus, if the oral sentence was invalid for lack of a mandatory provision, the remedy for an erroneous attempt to correct it in a written judgment entered in the defendant's absence is a remand to enter a valid sentence with the defendant present.[3] *See Caille v. United States*, 487 F.2d 614, 616–17 (5th Cir.1973); *see also United States v. Allen*, 588 F.2d 183, 184 (5th Cir.1979) (error in modifying, in defendant's absence, impermissible attempt to run sentence concurrently with state sentence cured by modifying sentence at special hearing with defendant present).

In some circumstances where a written judgment entered in the defendant's absence differed from an oral sentence, we have afforded the sentencing judge an opportunity to reimpose the provisions of the written sentence in the defendant's presence. We did so in *DeMartino*, 112 F.3d at 81–82, where there was uncertainty as to the propriety of the sentence that had

been orally imposed, and in *Handakas*, 329 F.3d at 118–19, where at resentencing the provision of a written judgment that differed from the oral sentence had previously been imposed at the original sentencing.[4]

Since Rosario has begun serving his sentence and no circumstance exists that undermines his expectation in the finality of the sentence as orally imposed, it is understandable that the Government, once it has conceded that the Family Court amendment was improperly added in the defendant's absence, does not seek to have that provision reimposed on remand in the defendant's presence.

■ 2. *Validity of the sex offender registration condition.* The Appellant contends that the condition of supervised release requiring registration as a sex offender "where applicable" violates the Tenth Amendment. We have recognized that the principles of federalism inherent in the Tenth Amendment "must not be transgressed when a federal court exercises its considerable discretion to impose a sentence [that includes] supervised release." *United States v. A–Abras, Inc.*, 185 F.3d 26, 33 (2d Cir.1999). Applying these principles, we have invalidated conditions of supervised release that required one defendant to surrender his state-issued pharmacy license, *see United States v. Sterber*, 846 F.2d 842, 843–44 (2d Cir. 1988), and another defendant to resign

---

**3.** In *Pollard v. United States*, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957), the Supreme Court considered the situation of a defendant who appeared for sentencing, was later the same day placed on probation in his absence, and was sentenced two years later for conduct that violated his probation. Although the probation imposed in the defendant's absence was invalid, as the Government conceded, the subsequent sentence was valid as punishment for the original offense; in the Court's view double jeopardy was no bar be-

cause there had been no sentencing at all at the defendant's initial appearance.

**4.** In *United States v. Jolly*, 129 F.3d 287, 289–90 (2d Cir.1997), we initially authorized the same opportunity for reimposition of the written sentence as we later authorized in *Handakas*, but we withdrew the opinion in *Jolly* upon notification that the Government did not oppose limiting the sentence to the oral pronouncement. *See United States v. Jolly*, 142 F.3d 552 (2d Cir.1998) (on rehearing).

from membership in the bar, *see United States v. Pastore*, 537 F.2d 675 (2d Cir. 1976). These two requirements were deemed an undue intrusion into a state's regulatory scheme. *See also United States v. Snyder*, 852 F.2d 471, 474–75 (9th Cir.1988) (invalidating on Tenth Amendment ground portion of sentence requiring surrender of driver's license). On the other hand, in *A–Abras* we upheld a condition of supervised release requiring the defendant to pay a fine previously imposed by New York City.

With the fine, the state's enforcement machinery has already been implemented, and all the state has to do is accept, record, and deposit the funds it has already ordered to be paid. With surrender of state-issued professional licenses, the intrusion on state authority is real. The licenses have been issued by the state, the state has not acted to withdraw them, and the federal requirement precipitates a license surrender process that is the prerogative of the state to initiate.

Rosario's requirement to register as a sex offender "[w]here applicable" will precipitate somewhat more activity by state officials than the steps needed to receive a previously imposed fine but much less activity than is involved in initiating the surrender of a state-issued professional license. Under New York's Sex Offender Registration Act ("SORA"), N.Y. Correct. Law § 168 *et seq.* (McKinney 2003), registration as a sex offender will trigger various state obligations, including a duty to classify the registrant, *id.* § 168–*l* (1), (5), (6), maintain detailed information about the registrant, *id.* § 168–b(1), and provide certain information to local law enforcement agencies, *id.* § 168–j. These tasks exceed those involved in receiving pay-

ment of a fine, but like those tasks, they are tasks that the state has elected to undertake whenever a person complies with the state requirement to register. In New York, SORA has already imposed on Rosario the obligation to register.[5] Requiring Rosario to meet his state-imposed obligation involves no intrusion on state authority like requiring a state to initiate the process of withdrawing the means by which it regulates a profession.

We conclude that the sex offender registration requirement does not encounter a valid Tenth Amendment objection.

### Conclusion

We affirm the District Court's sentence, except for the Family Court limitation on Rosario's contact with his son, as to which we remand for deletion of this provision. Affirmed in part, vacated in part, and remanded.

---

5. Rosario concedes that, because of his attempted rape conviction, he will be classified under SORA as a "sexually violent offender"

pursuant to N.Y. Correct. Law §§ 168–a(3), (7)(b). Br. for Appellant at 15 n. 8.