**UNITED STATES of America,**
**Appellee,**

v.

**Ronnie WARD, Defendant–Appellant.**

**Docket No. 05–0648–CR.**

United States Court of Appeals,
Second Circuit.

Sept. 6, 2005.

Donald DuBoulay, New York, NY, for Appellant.

Rebecca A. Monck, Assistant, United States Attorney, Southern District of New York, New York, N.Y. (Harry Sandick, on the brief) for David N. Kelley, United States Attorney, for Appellee.

Present: JACOBS, KATZMANN, and HALL, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this case be **REMANDED** for the limited purpose of amending the written judgment to conform to the district court's oral pronouncement of sentence, and that the judgment be **AFFIRMED** in all other respects.

Ronnie Ward appeals from a judgment of conviction entered on January 25, 2005 in the United States District Court for the Southern District of New York (Casey, *J.*). Ward was sentenced (principally) to 51–months' imprisonment and three years of supervised release. We assume familiarity with the facts, procedural history, and issues presented on appeal.

1. While the district court imposed a term of imprisonment consistent with the range dictated by the Guidelines, it recognized that the Guidelines were not mandatory, and specifically referenced the policies enumerated in 18 U.S.C. § 3553(a) as an independent basis for the sentence imposed. *See United States v. Booker,* ⸺ U.S. ⸺, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (striking down mandatory Guidelines regime); *United States v. Crosby,* 397 F.3d 103, 114–15 (2d Cir.2005) (describing post-*Booker* sentencing procedures).

■ Ward claims that the term of imprisonment imposed is nonetheless *unreasonable. See Booker,* 125 S.Ct. at 765 (establishing reasonableness review). The sole reason advanced is that the district court, when calculating Ward's Guidelines sentence, should have given him credit for acceptance of responsibility. This argument is without merit; the district court properly relied on Ward's statements (throughout the proceedings) that expressed, at the very least, equivocation that hedged his culpability for one of the crimes underlying his conviction. *See United States v. Reyes,* 9 F.3d 275, 279 (2d Cir.1993) (in determining whether to grant or deny acceptance of responsibility credit, "the district court may require a candid and full unraveling, and need not accept ... equivocations").

■ 2. Ward also claims that the sex-offender registration condition of his supervised release violates the Tenth Amendment. This Court previously upheld such a condition against Tenth Amendment attack where it applied only "if applicable," or rather, if the defendant was already obliged to register as a sex offender under state law. *United States v. Rosario,* 386 F.3d 166, 169, 172 (2d Cir. 2004). In this case, the registration condition imposed by the district court's oral judgment was identical in all material respects to that imposed in *Rosario.* Although the written judgment omitted the critical "if applicable" qualifier, the oral judgment controls. *See United States v. Marquez,* 506 F.2d 620, 622 (2d Cir.1974). We see no other error in imposing the registration condition; we therefore remand for the sole purpose of conforming the written judgment to the district court's oral pronouncement of sentence.

We have considered Ward's remaining arguments and find each of them to be without merit. This case is **REMANDED** for the limited purpose of amending the written judgment to conform to the district court's oral pronouncement of sentence; the judgment is **AFFIRMED** in all other respects.