**UNITED STATES of America,
Appellee,**

v.

**James RAFTOPOULOS, Defendant–
Appellant.**

No. 05–5963–cr.

United States Court of Appeals,
Second Circuit.

Oct. 29, 2007.

Mark D. Hosken, Assistant Federal Defender for the Western District of New York (Jay S. Ovsiovitch, on the brief), Rochester, NY, for Defendant–Appellant.

Joseph J. Karaszewski, Assistant United States Attorney (Terrance P. Flynn, United States Attorney for the Western District of New York, Stephen J. Baczynski, Assistant United States Attorney, on the brief), Buffalo, NY, for Appellee.

PRESENT: Hon. JON O. NEWMAN, Hon. SONIA SOTOMAYOR and Hon. RICHARD C. WESLEY, Circuit Judges.

### *SUMMARY ORDER*

Defendant-appellant James Raftopoulos appeals from the sentence imposed by the United States District Court for the Western District of New York (Siragusa, J.) following a plea of guilty to one count of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2). The district court sentenced Raftopoulos principally to 121 months' imprisonment and lifetime supervised release. We presume the parties' familiarity with the factual and procedural background of this case and the issues raised on appeal.

■ Raftopoulos challenges the duration of his supervised release as well as the district court's requirement that, once released from prison, Raftopoulos would be "prohibited from being on any school grounds, child care center, playground, park, or day care center without the exception or pre-approval by the probation office." As an initial matter, we note that this is the text of the special condition as it was pronounced by the district court at sentencing. However, this version of the special condition is at variance with the written judgment of conviction and sentence. Generally, where there is such a variation "between an oral pronouncement of sentence and a subsequent written judgment, the oral pronouncement controls," *United States v. Rosario,* 386 F.3d 166, 168 (2d Cir.2004). We have carved out a limited exception permitting "mandatory" or "standard" conditions of release to be imposed for the first time in written judgments, *see id.* at 169, but because the condition of release in question was neither "mandatory" nor "standard," we consider the condition as imposed by the district court at sentencing.

■ Raftopoulos first claims that his lifetime term of supervised release is unreasonable and violates the parsimony clause, which requires that the sentence be "sufficient, but not greater than necessary" to effectuate its purposes. 18 U.S.C. § 3553(a). Given the sexual nature of Raftopoulos' crime, the Sentencing Guidelines state that the term of supervised release "may be up to life" and recommend that the sentencing court impose the "statutory maximum term of supervised release." U.S.S.G. § 5D1.2(b); *see also* 18 U.S.C. § 3583(k) (setting life as the statutory maximum term of supervised release for certain sex offenses involving minors). The district court sentenced Raftopoulos at the top of this range, to lifetime supervised release. We review sentences for reasonableness. *See United States v. Fernandez*, 443 F.3d 19, 25–26 (2d Cir.2006). We have declined to establish a presumption that a Guidelines sentence is reasonable. *See id.*; *cf. Rita v. United States*, —— U.S. ——, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007) (holding that circuit courts may apply such a presumption). We have recognized, however, "that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *Fernandez*, 443 F.3d at 27. In reviewing a sentence, this Court will not substitute its judgment for the judgment of the district court. *United States v. Florez*, 447 F.3d 145, 158 (2d Cir.2006). Here, it is clear from the record of Raftopoulos' sentencing hearing that the district court considered the § 3553(a) factors in fashioning what the judge described as a "reasonable, appropriate, and just sentence." Moreover, the district court observed that the gravity of Raftopoulos' offense derived not only from his possessing at least 150 images of child pornography, some of which he distributed in exchange for a thing of value,

and some of which portrayed sadistic or masochistic behavior, but also from his fantasizing about having sex with his young nephew and claiming to online chatroom participants that he had actually engaged in such an act. Given this sexual ideation, we find that the district court's imposition of lifetime supervised release was reasonable.

■ Raftopoulos' related claim that the district misunderstood the advisory nature of the Sentencing Guidelines is unavailing, as the district court repeatedly noted that the Guidelines are no longer mandatory, evidencing its knowledge and application of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The fact that Judge Siragusa imposed lifetime supervised release on all eight defendants he sentenced for possessing child pornography in the two years leading up to Raftopoulos' conviction does not, as Raftopoulos argues, give rise to a presumption that Judge Siragusa misunderstands the advisory nature of the Guidelines or the requirement that the district court conduct an individualized analysis in fashioning a criminal sentence. As discussed above, the district court conducted such an analysis in this case, and the resulting sentence was reasonable.

■ Second, Raftopoulos argues that the condition prohibiting him from ever being at a park or other areas without approval from the probation office is overbroad and not reasonably related to the purposes of his sentence. The government concedes that the written version of this condition is ambiguous and asks for a remand so that the district court might "more artfully draft [a] special condition regarding the prohibition of Raftopoulos' presence in areas where children congre-

gate." As noted previously, this Court must consider the condition as it was imposed by the district court at sentencing.

▮ The district court has discretion to set supervised release conditions "to the extent that such conditions are reasonably related to the factors set forth in section 3553(a)(1) and (a)(2) and to the extent that such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 3553(a)(2)." 18 U.S.C. § 3563(b). We review a district court's imposition of supervised release conditions for abuse of discretion. *United States v. Peterson,* 248 F.3d 79, 82 (2d Cir.2001) (*per curiam*). The district court abused its discretion in prohibiting Raftopoulos "from being on any school grounds, child care center, playground, park, or day care center without the exception or pre-approval by the probation office," because this condition is excessively broad. While we have in the past approved of release conditions requiring sex offenders to stay away from places in which children congregate, we have vacated more general restrictions on a defendant's liberty because "there would be no justification to forbid the defendant from being at parks and educational or recreational facilities where children do not congregate." *Id.* at 86. For example, in *Peterson* we remanded for clarification of a condition prohibiting the defendant from "being on any school grounds, child care center, playground, park, recreational facility or any area in which children are likely to congregate." *Id.* We could not determine from the language of the condition "whether the clause 'in which children are likely to congregate' applies only to 'any area,' or to the other places listed," and therefore deemed the condition impermissibly vague.

*Id.* In this case, the district court erroneously failed to limit the prohibition on Raftopoulos' presence in parks and other places in any meaningful way, and therefore erred in crafting this condition of release. Because there would be no justification for prohibiting Raftopoulos from parks, portions of parks, or any other areas in which children do not congregate, we must remand this condition for clarification by the district court. The pre-approval requirement does not cure this defect because it endows the probation office with too much discretion in interpreting an ambiguous supervised release condition. To make Raftopoulos' liberty contingent on such an exercise of discretion is an impermissible delegation of the judicial power. *Id.* at 85 (observing that "[i]f ... the court intends to leave the issue of the defendant's participation in therapy to the discretion of the probation officer, such a condition would constitute an impermissible delegation of judicial authority and should not be included").

For the foregoing reasons, we AFFIRM the district court's imposition of lifetime supervised release, and REMAND for clarification of the condition prohibiting Raftopoulos' presence "on any school grounds, child care center, playground, park, or day care center" without any limiting term(s).