**UNITED STATES of America,**
**Appellee,**

v.

**Glen A. SUTTON, Defendant–Appellant.**

No. 06–2522–cr.

United States Court of Appeals, Second Circuit.

Feb. 11, 2008.

---

**2.** Hon. Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

Stephan J. Baczynski, Assistant United States Attorney, for Terrance P. Flynn, United States Attorney for the Western District of New York, for Appellee.

Robert G. Smith, Assistant Federal Defender, Western District of New York, Rochester, NY, for Appellant.

Present: ROSEMARY S. POOLER, DEBRA ANN LIVINGSTON, Circuit Judges, LEWIS A. KAPLAN,[1] District Judge.

## SUMMARY ORDER

Glen A. Sutton appeals from a judgment of the United States District Court for the Western District of New York (Larimer, J.), convicting him of violation of 18 U.S.C. § 922(a)(6) and sentencing him to 37 months' imprisonment and three years' supervised release, with certain special conditions of supervision. We assume the parties' familiarity with the facts, proceedings below, and specification of issues for review.

The jury heard that, at Sutton's plea allocution in Monroe County Court, at which time he waived indictment and consented to be charged in an information, the court informed him that the superior court information would charge him "with the D felony of criminal possession of a weapon in the third degree and have the same force and effect as if the grand jury indict-

ed [him] on that charge." In addition, the jury heard that the waiver of indictment form that Sutton signed stated that a violation of New York Penal Law § 265.02 is a class D felony. Because a rational trier of fact could have found the essential elements of the crime with which Sutton was charged, in particular his knowledge that he had been convicted of a felony, beyond a reasonable doubt, we affirm Sutton's conviction.

As a special condition of supervision, Sutton was instructed to "provide the U.S. Probation Office with access to any requested personal and/or business financial information" and not to "incur any form of debt including, but not limited to, use of existing credit cards, new credit cards, lines of credit, mortgages or private loans without the approval of the U.S. Probation Office." This condition was not included in the district court's oral pronouncement of the sentence.

"It is well settled, as a general proposition, that in the event of variation between an oral pronouncement of sentence and a subsequent written judgment, the oral pronouncement controls, and any burdensome punishments or restrictions added in the written judgment must be removed. This rule implements the requirement that a defendant is entitled to be present at all critical stages of his trial, including sentencing, see Fed.R.Crim.P. 43(a)(3)." *United States v. Rosario*, 386 F.3d 166, 168–169 (2d Cir.2004) (internal quotation marks and case citations omitted). Although there are narrow exceptions to this rule, *id.*, the government concedes that they do not apply in this case, and does not challenge Sutton's claim that the financial condition should be removed. We agree

---

1. Hon. Lewis A. Kaplan, of the United States District Court for the Southern District of

New York, sitting by designation.

with the parties that the financial requirements must be expunged, and we remand for resentencing accordingly.

For the foregoing reasons, we AFFIRM the judgment of conviction, save that we VACATE the challenged special condition of supervised release, and REMAND for resentencing consistent with this order.