20-2713
United States v. Wood

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand twenty-one.

PRESENT:
>       JON O. NEWMAN,
>       MICHAEL H. PARK,
>       STEVEN J. MENASHI,
>               *Circuit Judges.*

---

UNITED STATES OF AMERICA,

       *Appellee,*

       **v.**                                                                 **20-2713**

ROBERT W. WOOD,

       *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR APPELLEE:** | Tiffany H. Lee, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, NY. |
| **FOR DEFENDANT-APPELLANT:** | Martin J. Vogelbaum, Federal Public Defender's Office, Western District of New York, Buffalo, NY. |

Appeal from the United States District Court for the Western District of New York (Geraci, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Robert Wood appeals from a judgment entered on August 12, 2020, following his guilty plea, convicting him of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2). Wood committed this crime while on supervised release following a prior conviction for possession of child pornography. The district court (Geraci, *C.J.*) sentenced him principally to 144 months' imprisonment, to be served consecutive to a ten-month term for violating his conditions of supervised release, followed by ten years' supervised release.

On appeal, Wood argues that (1) his term of imprisonment is procedurally and substantively unreasonable, (2) his computer monitoring condition is unconstitutionally vague, and (3) the district court erred in ordering him to pay for the cost of computer monitoring and to contribute to the costs of sex offender treatment and truth verification testing. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

1. <u>Procedural and Substantive Reasonableness</u>

Wood challenges both the procedural and substantive reasonableness of his term of imprisonment. "We review the procedural and substantive reasonableness of a sentence under a deferential abuse-of-discretion standard." *United States v. Yilmaz*, 910 F.3d 686, 688 (2d Cir. 2018) (citing *United States v. Thavaraja*, 740 F.3d 253, 258 (2d Cir. 2014)). "A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the

§ 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020) (internal quotation marks omitted). "[O]ur review of a sentence for substantive reasonableness is particularly deferential, and we will set aside only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (internal quotation marks omitted).

Wood claims that the district court committed procedural error by failing to consider "his abusive childhood and mental retardation as factors in mitigation." Appellant's Br. 13. We are unpersuaded. This Court entertains "a strong presumption that the sentencing judge has considered all arguments properly presented to h[im], unless the record clearly suggests otherwise." *United States v. Fernandez*, 443 F.3d 19, 29 (2d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007). "This presumption is especially forceful when, as was the case here, the sentencing judge makes abundantly clear that []he has read the relevant submissions and that []he has considered the § 3553(a) factors." *Id.* Here, the district court made clear that it had read the relevant submissions and considered the § 3553(a) sentencing factors. *See* App'x at 136 (concluding that the 120-month sentence Wood requested would be "[in]sufficient to meet the criteria for sentencing, which includes considering the seriousness of the offense here, which is outrageous continuous conduct; your history and character; a sentence that's necessary to deter you and others from engaging in this type of activity in the future, but not something that's greater than necessary to accomplish the purpose of sentencing"). In addition,

the district court discussed Wood's misconduct at length and explained the basis for its sentence. *See id.* at 131–37. We thus reject Wood's claim of procedural error.

Wood's contention that his sentence is substantively unreasonable likewise fails. The district court reasonably explained why the upper limit of the 120-to-121-month Guidelines range was insufficient based on "the seriousness of the offense here, which is outrageous continuous conduct" that took place "after the defendant had been previously convicted of a similar offense." *Id.* at 134, 136. After describing Wood's criminal history and misconduct at length, it concluded that he is "a sick man" with "some serious, serious issues" and that it could not "do much except . . . protect the community and protect children from [him] in the future." *Id.* at 136. Based on the need for deterrence and incapacitation, Wood's sentence is not so "unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice." *Muzio*, 966 F.3d at 64 (internal quotation marks omitted).[1]

### 2. Computer Monitoring Condition

As a special condition of supervised release, the district court conditioned Wood's use of certain electronic devices on his participation in a computer and internet monitoring program. App'x at 150. As part of that program, Probation can search Wood's devices whenever it detects "impermissible/suspicious activity." *Id.*[2] Wood claims that this condition "provides inadequate

---

[1] Wood was initially convicted of possessing child pornography in 2011. Within a year of completing his term of imprisonment in 2015, Wood violated his conditions of supervised release and was sentenced to 90 days in jail. Despite these warnings, Wood committed the offense at issue here just a few years later, less than a quarter of the way into his term of supervised release. In light of Wood's admitted compulsion to consume child pornography, his participation in a residential sex offender treatment program may be advisable. *See* 18 U.S.C. § 3621(f)(1)(B) (providing for "residential sex offender treatment programs to provide treatment to sex offenders who volunteer for such programs").

[2] The district court's written judgment differs slightly from its oral pronouncement on this point.

4

guidance—inviting inadvertent but consequential transgressions by Wood, and arbitrary enforcement by Probation—and thereby violates due process." Appellant's Br. 23. Wood failed to raise this objection below, so we review only for plain error. *See United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010).

We recently rejected a similar challenge in *United States v. Vietor*, 806 F. App'x 60, 63 (2d Cir. 2020). Evaluating an identically worded condition, we noted that "the search authority granted to probation is not without limitation." *Id.* "Under the condition's terms, probation 'is authorized to install any application as necessary to surveil all activity on computer(s),' but probation is notified only of 'impermissible/suspicious activity or communications occurring on such computer,' not of all activity, and searches of the computer are authorized only '[a]s triggered by impermissible/suspicious activity.'" *Id.* Additionally, "[m]onitoring and searches are required to be 'designed to avoid, as much as possible, reading any privileged information or any private material that is not illegal or reasonably likely to lead to illegal material or evidence related to illegal activity.'" *Id.* Thus, "[a]lthough the condition does not clarify the bounds of 'suspicious' activity, beyond that likely to lead to illegal material, any error is not 'clear or obvious' in the context of our past cases." *Id.* (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)).

---

Specifically, the district court stated both orally and in writing that Probation shall be notified of impermissible or suspicious activity and that Wood must submit to Probation's examinations of his devices, but it clarified only in writing that Probation may conduct such examinations only "[a]s triggered by" the surveillance program's detection of "impermissible/suspicious activity." App'x at 139, 150. Wood raises no concern with this discrepancy, presumably because he benefits from the version as written. *Cf. United States v. Rosario*, 386 F.3d 166, 169 (2d Cir. 2004) (noting that the defendant did not challenge a modification in the written judgment that "added a limitation that inured to [his] benefit and afforded him no basis on which he could complain").

Wood asserts that "*Vietor* is wrongly decided" and "a summary order having no precedential effect." Reply Br. 6. "Although we decided [*Vietor*] by nonprecedential summary order, rather than by opinion, our '[d]enying summary orders precedential effect does not mean that the court considers itself free to rule differently in similar cases.'" *United States v. Payne*, 591 F.3d 46, 58 (2d Cir. 2010) (quoting Order dated June 26, 2007, adopting 2d Cir. Local R. 32.1). We appropriately rely on *Vietor* because it is "particularly apposite." *Agosto v. N.Y.C. Dep't of Educ.*, 982 F.3d 86, 101 n.8 (2d Cir. 2020). Moreover, *Vietor* shows, at a minimum, that any error by the district court would not be "clear or obvious." *Marcus*, 560 U.S. at 262 (citation omitted); *cf. United States v. Irving*, 554 F.3d 64, 78 (2d Cir. 2009) ("An error is 'plain' if the ruling was contrary to law that was clearly established by the time of the appeal.").

### 3. Cost-Contribution Conditions

Finally, Wood objects to the special conditions mandating that he pay for computer monitoring and contribute to the costs of sex offender treatment and truth verification testing. According to Wood, "[t]he District Court should not have imposed these requirements . . . because it did not make a finding that funds were available for him to contribute to the cost of these services, and because it did not clarify that the amount of Wood's contributions, if any, would be subject to judicial review." Appellant's Br. 24.

Wood's challenge to the requirement that he "contribute to" the costs of sex offender treatment and truth verification testing is foreclosed by *United States v. Rasheed*, 981 F.3d 187 (2d Cir. 2020). In that case, we "construe[d] the cost-contribution conditions to provide that the requirement that Rasheed contribute to the cost of services rendered is contingent upon a finding that he is able to pay such a contribution." *Id.* at 198–99. Here, we likewise construe the special

conditions mandating that Wood "contribute to" the cost of treatment programs and truth verification testing as contingent on his ability pay.

Finally, Wood's challenge to the cost of the monitoring program is not ripe for review. Wood is not scheduled to be released from prison until February 16, 2030. We have noted that the technology used for such monitoring is subject to change and thus, we have found challenges to computer-monitoring conditions that will not be imposed for several years to be unripe. *See, e.g.*, *United States v. Balon*, 384 F.3d 38, 46 (2d Cir. 2004). The cost of such monitoring programs years in the future is similarly contingent on rapidly changing technology and is thus unripe for review. Wood's ability to pay for computer monitoring also depends on his future financial position, which is similarly subject to change and unripe for review. This is especially true considering that he is required to work a full-time job upon release. *See, e.g.*, *United States v. Leone*, 813 F. App'x 665, 670 (2d Cir. 2020) ("At present, we do not know what the cost of participating in the monitoring program will be when Leone is released, whether Probation will hold Leone responsible for paying those costs, whether Leone will have the financial means to pay, and whether the district court will require him to pay if he says that he cannot. If it proves to be the case that the district court requires an indigent Leone to pay to participate in monitoring services, he may mount a challenge at that time."); *Vietor*, 806 F. App'x at 63–64 ("[A]t this juncture, it is unclear what the costs of the monitoring program will be and whether Vietor will be able to afford those costs upon her release from prison. The issue is therefore not ripe for review."). In sum, Wood's challenge to the requirement that he pay for computer monitoring years from now is unripe because it "depends upon contingent future events that may not occur as

7

anticipated, or indeed may not occur at all." *United States v. Traficante*, 966 F.3d 99, 106 (2d Cir. 2020) (internal quotation marks omitted).

We have considered Wood's remaining arguments and conclude that they are without merit. For the foregoing reasons, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court