19-2064
United States v. Bishop

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand twenty-two.

PRESENT:
        MICHAEL H. PARK,
        EUNICE C. LEE,
        MYRNA PÉREZ,
        *Circuit Judges.*

---

UNITED STATES,

        *Appellee,*

    v.                                        **19-2064**

RONALD BISHOP,

        *Defendant-Appellant.*

---

FOR APPELLEE:                     Michael R. Maffei and Susan Corkery, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

FOR DEFENDANT-APPELLANT:     Brendan White, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that we **VACATE** the search condition and **REMAND** for resentencing as to this condition, and otherwise **AFFIRM** the judgment of the district court.

Ronald Bishop was convicted via a guilty plea of conspiring to distribute controlled substances in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(iii) and unlawfully possessing firearms in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1)(A)(i). At sentencing on June 25, 2019, the district court imposed the statutory mandatory minimum term of imprisonment—120 months—which was consistent with the term jointly recommended by the parties in the plea agreement. The district court also imposed a five-year term of supervised release, including special search and curfew conditions. The district court's oral pronouncement of Bishop's sentence did not mention the 18 U.S.C. § 3553(a) factors or any other rationale for the sentence. Then on July 2, 2019, the district court issued its written judgment, which reiterated the sentence, including more detailed special conditions of supervised release. On appeal, Bishop argues for the first time that (1) his sentence is procedurally unreasonable because the district court failed to explain the sentence and (2) the special conditions are procedurally unreasonably for the same reason, and additionally are vague. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review issues raised for the first time on appeal for plain error. *See United States v. Matta*, 777 F.3d 116, 121 (2d Cir. 2015); *United States v. Villafuerte*, 502 F.3d 204, 207–08 (2d Cir. 2007). "To establish plain error, the defendant must establish (1) error (2) that is plain and (3) affects substantial rights." *Villafuerte*, 502 F.3d at 209. To affect substantial rights, an error

must be "prejudicial in that it affected the outcome of the district court proceedings." *United States v. Draper*, 553 F.3d 174, 181 (2d Cir. 2009) (internal quotation marks omitted). "If the error meets these initial requirements, [the Court] then must consider whether to exercise [its] discretion to correct it, which is appropriate only if the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Villafuerte*, 502 F.3d at 209 (internal quotation marks omitted).

"A district court commits procedural error" when "it does not consider the § 3553(a) factors" or "fails adequately to explain its chosen sentence." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc); *see* 18 U.S.C. § 3553(c) ("The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence . . . ."). A district court also errs when it orders a condition of supervised release that is not "reasonably related to the factors set forth in [18 U.S.C. § 3553(a)]." 18 U.S.C. § 3583(d).

The district court here committed procedural error by failing to explain the reasons for Bishop's sentence at his sentencing hearing. *See* 18 U.S.C. § 3553(c); *Cavera*, 550 F.3d at 190. The court similarly erred by failing to explain the reasons for Bishop's search and curfew special conditions of supervised release. *See* 18 U.S.C. § 3583(d). Nonetheless, Bishop does not argue that these errors affected his substantial rights. *See Villafuerte*, 502 F.3d at 209. Indeed, Bishop could not raise such an argument with respect to his sentence because he received the statutory mandatory minimum sentence for the offenses to which he pled guilty. His challenges to the procedural reasonableness of his sentence and special conditions of supervised release, as well as the vagueness of his special conditions of supervised release, thus necessarily fail because Bishop does not meet his burden of showing that the errors were "prejudicial in that [they] affected the

3

outcome of the district court proceedings." *Draper*, 553 F.3d at 181 (internal quotations omitted).[1]

Bishop does argue, and the government concedes, that the third-party notice requirement contained in the search special condition of supervised release[2] should be deleted from the judgment. *See* Appellee's Br. 2, 24. We agree. Because the district court's written judgment of this special condition varied from its oral pronouncement by adding "burdensome punishments or restrictions . . . in the written judgment," the oral pronouncement controls with respect to this condition. *See United States v. Rosario*, 386 F.3d 166, 168 (2d Cir. 2004).

Bishop also argues the written judgment[3] conflicts with the broader and arguably more burdensome parameters of the orally-imposed sentence as to the scope of the search condition.[4] The government does not oppose a remand for resentencing as to this aspect of the search condition to resolve this conflict. Accordingly, we vacate the search condition and remand for resentencing to resolve any conflicts between the oral pronouncement and the written judgment in order to clarify the scope of the search permitted.

---

[1] To the extent that the district court properly adopted the Presentence Investigation Report in its Statement of Reasons, the factual findings in the PSR are adequate to support the search and curfew special conditions of supervised release as reasonably related to the need for adequate deterrence and the need to protect the public. *See* Statement of Reasons at 1; *United States v. Carter*, 489 F.3d 528, 540 (2d Cir. 2007) ("While we have found that failure to satisfy the open court requirements of § 3553(c) constitutes error, we also have found that the error does not constitute 'plain error' if the district court relies on the findings in the PSR, and the factual findings in the PSR are adequate to support the sentence."); *see, e.g.*, PSR at 4–5 (describing Bishop's offense conduct of maintaining a premises for drug operations that held criminal contraband); *id*. at 9–10 (describing Bishop's criminal history).

[2] "The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition." App'x 73.

[3] "The defendant shall submit his person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer." App'x 73.

[4] "[S]earch condition assumes that anything under your control – be it premises, electronic equipment, or anything else – be subject to a search at a reasonable time and in a reasonable manner, assuming that anything you have may be contraband." App'x 67.

We have considered the remainder of Bishop's arguments and find them to be without merit. For the foregoing reasons, we vacate the search condition and remand for resentencing as to this condition, and otherwise affirm the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court