*United States v. Peterson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of May, two thousand twenty-three.

PRESENT: PIERRE N. LEVAL,
DENNY CHIN,
ALISON J. NATHAN,
    *Circuit Judges*.

---

UNITED STATES OF AMERICA,

    *Appellee*,

v.

VICTOR PETERSON, AKA CD, AKA JD-CD,

    *Defendant-Appellant*.

22-6-cr

---

For Defendant-Appellant:     ELIZABETH LATIF, West Hartford, CT.

For Appellee:     ANDREW M. THOMAS, Michael McGinnis, Stephen J. Ritchin, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Following several violations of supervised release, Defendant-Appellant Victor Peterson was sentenced to nine months' imprisonment and five years of supervised release. On appeal, Peterson argues that (1) the sentence is substantively unreasonable and (2) the district court improperly imposed one of the conditions of his supervised release. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

## I.  Background

In April 2018, Peterson pleaded guilty to distributing and possessing with intent to distribute heroin and crack cocaine. The district court sentenced Peterson to 27 months' imprisonment and 7 years of supervised release. Peterson commenced supervised release in January 2019.

In January 2021, the Probation Office notified the district court that Peterson had committed five violations of the terms of supervised release, including failure to participate in outpatient treatment, failure to report to Probation, two instances of cocaine use, and the removal of a sweat patch. Peterson initially denied the violations but eventually admitted, pursuant to an agreement with the Government, to using cocaine and failing to participate in outpatient treatment. In March 2021, following the joint recommendation of the parties and the Probation Office, the district court adjourned sentencing to give Peterson the opportunity to participate in an inpatient

treatment program and thereby demonstrate progress. In April 2021, the district court adjourned sentencing again to allow Peterson more time in the program. The sentencing hearing for Peterson's supervised release violations took place in May 2021. The district court sentenced Peterson to a new five-year term of supervised release, and in light of Peterson's demonstrated progress in the treatment program, no additional term of imprisonment.

In September 2021, the Probation Office reported that Peterson had committed five new violations of supervised release, including cocaine use, failure to comply with drug testing, failure to report to Probation, failure to notify Probation of a change in address, and failure to participate in an outpatient treatment program. The district court ordered Peterson to appear at a conference scheduled for September 13, 2021. Despite Peterson's acknowledgement of the order in a text message to his probation officer, Peterson failed to appear. Moreover, Peterson told the Probation Office that he would not disclose the location where he was residing. The district court therefore issued a warrant for Peterson's arrest. Shortly thereafter, Peterson informed the Probation Office that he missed the conference because he had slept in, but when the government contacted Peterson's counsel and invited him to surrender himself, Peterson did not do so. On November 10, 2021, marshals apprehended and arrested Peterson. During the arrest, Peterson asked the marshals how they had found them, noting that he had "covered his bases." App'x 128, 141. At a proceeding that same day, Peterson admitted to each of the five new supervised release violations. The district court advised the parties that the Guidelines range was 6 to 12 months' imprisonment followed by an additional term of supervised release.

The sentencing hearing for Peterson's new supervised release violations took place on December 20, 2021. The district court noted that it had reviewed the parties' submissions and

3

prior sentencing materials and then it heard argument from both parties. Defense counsel advocated for 3 months' imprisonment followed by an additional term of supervised release, including a stay at an inpatient treatment program for approximately 6 months. The Government advocated for 9 months' imprisonment followed by an additional term of supervised release with inpatient treatment. The Probation Office recommended 8 months' imprisonment and additional supervised release, though it advised against inpatient treatment because Peterson had demonstrated he was not amenable to the treatment process. The district court also heard from Peterson, who stated that he has "a disease," "need[s] help," and would "rather be in a program" than prison. App'x 151.

The district court sentenced Peterson to 9 months' imprisonment followed by 5 years of supervised release, and it ordered that Peterson would spend the first 6 months of supervised release in an inpatient program. In explaining its decision, the district court emphasized that Peterson had demonstrated an unwillingness to commit to treatment and disrespect for the supervised release process. Before formally imposing the sentence, the district court asked the parties whether there was any legal impediment to doing so, and they answered that there was not.

Peterson timely appealed and now challenges the substantive reasonableness of the sentence and one of his conditions of supervised release.

## II. Discussion

### A. Substantive Reasonableness

We review a sentence for reasonableness under "a deferential abuse-of-discretion standard," which includes *de novo* review of questions of law and clear error review of questions of fact. *United States v. Yilmaz*, 910 F.3d 686, 688 (2d Cir. 2018). Sentences are substantively

4

unreasonable only if they are "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (quotation marks omitted). When reviewing for substantive reasonableness, we "giv[e] due deference to the sentencing judge's exercise of discretion" and "bear[] in mind the institutional advantages of district courts." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc).

Peterson's sentence of 9 months' imprisonment and 5 years of supervised release is not substantively unreasonable. The sentence is well within the Guidelines range of 6 to 12 months' imprisonment, and although Guidelines sentences are not *per se* reasonable, they are reasonable in the "overwhelming majority of cases." *United States v. Watkins*, 667 F.3d 254, 261 (2d Cir. 2012) (citation omitted). Indeed, Peterson effectively concedes that a Guidelines range sentence would be reasonable in this case. *See* Appellant's Brief at 10 ("There is no reason to believe that a sentence within the recommended range would not have sufficed to satisfy the goals of sentencing."). Peterson argues, however, that we should construe his sentence as "effectively 15 months: nine months incarceration, plus six months in an inpatient program." *Id.* at 9. But the 6-month stay in an inpatient program is a special condition of Peterson's supervised release, and supervised release is separate and distinct from imprisonment. *See United States v. Johnson*, 529 U.S. 53, 58 (2000) (holding that a term of supervised release cannot run concurrently with a term of imprisonment). Because Peterson has not identified any other reason why the sentence imposed "cannot be located within the range of permissible decisions," *Cavera*, 550 F.3d at 189 (quotation marks omitted), his substantive reasonableness challenge fails.

5

**B. Condition of Supervised Release**

We review the propriety of supervised release conditions for abuse of discretion. *United States v. Dupes*, 513 F.3d 338, 342–43 (2d Cir. 2008). But "[w]hen a challenge to a condition of supervised release presents an issue of law, we review the imposition of that condition *de novo*, bearing in mind that any error of law necessarily constitutes an abuse of discretion." *United States v. MacMillen*, 544 F.3d 71, 74–75 (2d Cir. 2008). When a criminal defendant had a sufficient opportunity to object to a special condition in the district court and failed to do so, we may review the condition only for plain error. Fed. R. Crim. P. 52(b); *Davis v. United States*, 140 S. Ct. 1060, 1061 (2020).

In the presentence report prepared for Peterson's underlying conviction, Probation recommended that the district court impose the following search condition as a special condition of supervised release:

> You must submit your person, residence, place of business, vehicle, and any property or electronic devices under your control to a search on the basis that the probation officer has reasonable suspicion that contraband or evidence of a violation of the conditions of your probation/supervised release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. You must inform any other residents that the premises may be subject to search pursuant to this condition.

PSR 31. The district court chose not to impose this special condition when sentencing Peterson for his underlying conviction or when sentencing Peterson for his first set of supervised release violations. Following Peterson's second set of supervised release violations, the district court decided to impose the special search condition. At the sentencing hearing in December 2021, the district court stated:

> You will then, once you are released, commence a five-year term of supervised release that will include all the conditions that I have previously imposed along

6

with the additional condition of participation in an inpatient [and outpatient] treatment program . . . .  I then also will impose all the other conditions, including the search condition, that you be searched on your person, your gadgets, phones, iPad, computers, anything like that and any residence that you have or control, vehicles that you are using or control, you are subject to a search if probation thinks there might be evidence of a crime or evidence of a violation of the terms of your supervised release.

App'x 158.  The judgment, filed on the same day as the sentencing hearing, included the following written description of the special search condition:

You shall submit your person and any property under your control, including your residence, vehicle, papers, computer, other electronic communication, data storage devices, cloud storage or media, and others [sic] effects, to a search by any United States Probation Officer, with the assistance of any law enforcement if needed. The search is to be conducted when there is reasonable suspicion concerning violation of a condition of supervision or unlawful conduct by the person being supervised.  Failure to submit to a search may be grounds for revocation of release.  You shall warn any other occupants that the premises may be subject to searches pursuant to this condition.  Any search shall be conducted at a reasonable time and in a reasonable manner.

App'x 170.

Peterson now challenges the special search condition on appeal.  He argues that remand is required because the district court's oral description of the condition at sentencing varied from the subsequent written description in the judgment.  Additionally, Peterson argues that the oral pronouncement was impermissibly vague.  As a threshold matter, the government urges us to apply plain error review because Peterson did not object to the condition at the sentencing hearing or upon entry of the written judgment.  We need not decide whether our review is limited to plain error because Peterson fails to demonstrate any error.

First, the variance between the oral and written versions of the special condition does not require remand.  "It is well settled, as a general proposition, that in the event of variation between an oral pronouncement of sentence and a subsequent written judgment, the oral pronouncement

7

controls, and any burdensome punishments or restrictions added in the written judgment must be removed." *United States v. Rosario*, 386 F.3d 166, 168 (2d Cir. 2004) (internal citations and footnote omitted). However, "it is not reversible error for a sentencing court to impose probation conditions without mentioning them orally at sentencing where the challenged conditions clarify, rather than conflict with, the sentence imposed orally." *United States v. Jacques*, 321 F.3d 255, 265 (2d Cir. 2003). While Peterson summarily states that the oral and written versions of the special condition vary, he does not identify any "burdensome punishments or restrictions added in the written judgment." *Rosario*, 386 F.3d at 168. Indeed, his brief does not contain any explanation of how the two versions conflict. And based on our own reading of the written condition, we conclude that it "clarif[ies], rather than conflict[s] with, the sentence imposed orally." *Jacques*, 321 F.3d at 265.

Second, the special condition is not impermissibly vague. Due Process requires special conditions of supervised release to "be sufficiently clear to give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010) (citation and quotation marks omitted). A condition "need not be cast in letters six feet high, or describe every possible permutation, or spell out every last, self-evident detail," *id.* at 123 (citation and ellipses omitted), but it cannot be "so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application," *United States v. Simmons*, 343 F.3d 72, 81 (2d Cir. 2003) (citation omitted). Peterson argues that the special condition is impermissibly vague because it is unclear whether the oral version or written version controls. However, the oral and written versions do not impose different requirements. Though the district court did not recite the entire condition at the

8

sentencing hearing, it indicated that it was imposing "the search condition" contained in the Presentence Report.   App'x 158; *see United States v. Thomas*, 299 F.3d 150, 152 (2d Cir. 2002) (implying that a district court may "indicate that it would incorporate the conditions listed in the PSR").   The written search condition in the Presentence Report and the written search condition in the judgment are effectively the same, save for some slight variations in syntax.   We see no reason why a person of ordinary intelligence would question "what is prohibited," *Green*, 618 F.3d at 122 (citation omitted), and Peterson's brief does not endeavor to supply us with one. Accordingly, we hold that remanding the judgment for clarification is unnecessary.

\* \* \*

We have considered Peterson's remaining arguments and find them to be without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court